STATE OF NORTH CAROLINA v. WILLIAM RAY HYATT

No. 7630SC762

(Filed 6 April 1977)

1. **Criminal Law § 92—three charges of first degree murder — severance properly denied**

   The trial court did not err in denying defendant's motion to sever three first degree murder charges for trial.

2. **Criminal Law § 91— untimely motion for continuance — denial proper**

   The trial court in a first degree murder prosecution did not err in denying defendant's motion for continuance made after the case was called for trial where there was no showing that defendant was thereby denied any substantial right.

3. **Criminal Law § 101— sequestration of jury — denial proper**

   The trial court did not err in denying defendant's motion for the sequestration of the jury during the taking of the evidence in a first degree murder prosecution.

4. **Criminal Law §§ 87, 169— witness's reference to warrants — similar testimony elicited by defendant — no error**

   The trial court in a first degree murder prosecution did not err in admitting into evidence testimony that warrants were issued charging defendant and another with the murders for which defendant was being tried, since the warrants themselves were not read or shown to the jury, but they were simply shown to the sheriff in order to refresh his recollection as to the date when the defendant was finally charged after months of investigation; moreover, defendant's counsel, during the cross-examination of the sheriff, elicited the same information complained about and defendant thereby waived his objection to the evidence.

**5. Criminal Law § 34— first degree murder — prior offense of receiving stolen goods — evidence properly admitted**

The trial court in a first degree murder prosecution properly admitted evidence that defendant had been charged with receiving stolen goods in connection with a breaking and entering committed by the murder victims who, defendant feared, would testify against him, since the evidence was competent to establish defendant's intent and motive for the killings.

**6. Homicide § 21— first degree murder — sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in a first degree murder prosecution where it tended to show that the three victims were last seen in defendant's presence; defendant offered a State's witness $5000 to "knock off" the victims; defendant feared the victims would testify against him in another criminal prosecution pending against him; and defendant told an informant in Alabama that he had killed three people in N. C. and there were warrants out for him.

APPEAL by defendant from *Martin (Harry), Judge*. Judgments entered 20 May 1976 in Superior Court, JACKSON County. Heard in the Court of Appeals 17 February 1977.

Defendant was tried on three charges of first degree murder. The State's evidence tended to show the following:

On 22 September 1975, the bodies of Wayne Buchanan, Gerald Franks and Billy Joe Franks were found in the vicinity of an electric company's powerhouse located on the Tuckaseegee River. The victims had died of a stab wound to the right of the heart, loss of blood caused by a wound in the left chest, and loss of blood caused by the severing of major blood vessels to the head, respectively. All had been dead for over 2 days when discovered and could possibly have been dead for 10 to 14 days. Autopsies revealed that they were all intoxicated at the time of death. The bodies had all been placed in the Tuckaseegee River after the fatal wounds had been inflicted.

The deceased were last seen by relatives and others on 16 September 1975. One witness saw them with defendant and Lloyd Green [Green has apparently been charged but not tried in connection with the murders] in the vicinity of Munger's Shell Station, around 7:30 p.m., on that date. Another witness saw defendant, Wayne Buchanan and Billy Joe Franks at the same filling station sometime between 8:00 p.m. and 10:30 p.m. That day Buchanan and Franks "acted a little high." Around 8:30 p.m. on the same date defendant, Gerald Franks,

State v. Hyatt

Wayne Buchanan, and another man were seen in a pickup truck at a Phillips 66 station in Sylva. Gerald Franks was intoxicated and Buchanan had been drinking.

Defendant and Lloyd Green went to Georgia on the night of 16 September 1975, arriving at about midnight. Defendant told those with whom he was seeking refuge that he was fleeing from "the law" in North Carolina.

The sheriff began looking for the defendant and Lloyd Green after the discovery of the bodies on 22 September 1975. The authorities were unable to locate either of them despite surveillance of their residences, numerous telephone calls and trips to South Carolina and Georgia.

An informant testified that he met defendant and Green at a trailer park in Birmingham, Alabama on 2 December 1975. The men sat around drinking beer and discussing the warrants that were outstanding against them. According to two witnesses to this discussion, the defendant bragged that warrants for traffic violations were nothing and that there were warrants out for him for possession of stolen property, weapons and "putting some people away." During this conversation the defendant did not mention in what state the warrants were outstanding, but the next day while defendant and the informant were driving to Atlanta the defendant said in response to an inquiry, " . . . I killed three people back in North Carolina, and I'll do it again . . . . " After spending the night in Atlanta, the defendant cautioned the witness, while en route to Birmingham, in the following manner: "Be damned sure you don't get stopped, because I have a $5,000.00 reward out for me."

Upon their return to Birmingham, this witness notified the authorities that the defendant had an outstanding warrant against him in North Carolina and, as a result of this information, defendant and Lloyd Green were arrested on 4 December 1975 by FBI agents on a federal warrant for crossing state lines after having been charged with a local felony. Defendant was returned to Jackson County, North Carolina on 12 December 1975.

Another witness testified that defendant had offered to pay him $5,000.00 if he would "knock Wayne Buchanan and Billy Joe Franks off." The offer was made on 21 August 1975. Defendant took this witness to the site where the bodies were

later discovered and suggested that the witness could shoot the two with a rifle, which defendant had with him, and then dump the bodies into the river at the powerhouse site. Defendant wanted these two people "knocked off" because he was afraid that they would testify for the State in a receiving stolen goods case pending against him.

At the close of the State's evidence the defendant moved for dismissal of each case. The motion was denied. Defendant did not introduce any evidence and renewed his motion to dismiss. That motion was also denied. The jury returned verdicts of guilty of second degree murder in each of the three cases. Judgment was entered imposing consecutive prison sentences of 80, 60 and 40 years.

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell, for the State.*

*Rodgers, Cabler & Henson, by John Edwin Henson, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant brings forward nine assignments of error which have been grouped into eight arguments. His first assignment is that the trial court erred in failing to grant his motion to sever the three cases for trial. Defendant contends that if the cases had been tried separately, he would have had the election of presenting evidence in one case without being forced to present evidence in the others. Severance of criminal cases is governed by G.S. 15A-927.

In *State v. Davis,* 289 N.C. 500, 507, 508, 223 S.E. 2d 296, the Supreme Court stated:

> "The general rule in this jurisdiction is that the trial judge may consolidate for trial two or more indictments in which the defendant is charged with crimes of the same class and the crimes are so connected in time or place that evidence at the trial of one indictment will be competent at the trial of the other. *State v. Jarrette,* 284 N.C. 625, 202 S.E. 2d 721; *State v. Anderson,* 281 N.C. 261, 188 S.E. 2d 336; *State v. Frazier,* 280 N.C. 181, 185 S.E. 2d 652."

State v. Hyatt

The Supreme Court in *Davis* stated further that:

"It is true that in ruling upon a motion consolidation of charges, the trial judge should consider whether the accused can fairly be tried upon more than one charge at the same trial. If such consolidation hinders or deprives the accused of his ability to present his defense, the cases should not be consolidated. *Pointer v. United States*, 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208; *Dunaway v. United States*, 205 F. 2d 23. Nevertheless, it is well established that the motion to consolidate is addressed to the sound discretion of the trial judge and his ruling will not be disturbed absent a showing of abuse of discretion. *State v. Jarrette, supra; State v. Yoes* and *Hale v. State*, 271 N.C. 616, 157 S.E. 2d 386; *State v. Overman*, 269 N.C. 453, 153 S.E. 2d 44; *Dunaway v. United States, supra.*"

There was no error in the court's refusal to grant defendant's motion to sever the three cases for trial. Moreover, defendant waived any right to severance by failing to renew his motion as required by G.S. 15A-927(a)(2).

[2] Defendant next assigns as error the trial court's failure to grant his motion for a continuance. No motion to continue the case had been made until after the case was called for trial. *See* G.S. 15A-952.

During the hearing on the motion, defendant's counsel stressed that they had worked almost full time on defendant's case since their appointment and said they were ready to go to trial. They also said that an extension of time would not necessarily enable them to locate any witnesses beneficial to the defendant. There was no evidence offered as to what defendant would attempt to prove by any witness that was not available. It is clear from the record that the trial court did not abuse its discretion or deny defendant any substantial right when it denied defendant's untimely motion for continuance and, in the absence of a showing of an abuse of discretion or a denial of a substantial right, the court's ruling is not subject to review on appeal. *State v. Brower*, 289 N.C. 644, 224 S.E. 2d 551. This assignment of error is, therefore, without merit.

[3] Defendant's third assignment of error is that the trial court erred in failing to grant his motion for the sequestration of the jury during the taking of evidence in this case.

It is within the sound discretion of the trial court whether to require the sequestration of the jury during the course of trial. *State v. Bynum,* 282 N.C. 552, 193 S.E. 2d 725, *cert. den.,* 414 U.S. 869, 94 S.Ct. 182, 38 L.Ed. 2d 116. There is not the slightest suggestion in this record of any impropriety on behalf of any juror. The assignment of error is overruled.

**[4]**   The defendant next assigns as error the admission into evidence of testimony that warrants were issued charging defendant and Lloyd Green with the murders for which defendant was being tried. We find this assignment of error to be without merit. The warrants were not read or shown to the jury and their contents were not revealed. The warrants were simply shown to the sheriff in order to refresh his recollection as to the date when the defendant was finally charged after months of investigation. In this, there was no error. Moreover, defendant's counsel, during cross-examination of the sheriff, elicited the same information about which he complains in this assignment of error. An objection to certain evidence, even though seasonably made upon a sound ground, is waived when like evidence is thereafter admitted without objection and especially where like evidence is subsequently offered or elicited by the objecting party himself. *State v. Williams,* 274 N.C. 328, 163 S.E. 2d 353; *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755, *cert. den.,* 414 U.S. 874, 38 L.Ed. 2d 114, 94 S.Ct. 157.

**[5]**   Defendant's fifth assignment of error is that the court erred in allowing into evidence testimony concerning admissions made by him as to his involvement in the crimes for which he was being tried and other crimes for which he was not being tried. Defendant concedes that his alleged admissions of having killed three people was admissible under the rule that "[a]nything that a party to the action has done, said or written, if relevant to the issues and not subject to some specific exclusionary statute or rule, is admissible against him as an admission." 2 Stansbury, N. C. Evidence (Brandis rev.), § 167. It is his contention that evidence that he had been charged with receiving in connection with the breaking and entering at White's Auto Store was irrelevant to the issue of his guilt in this case and should have been excluded. The testimony was competent for the purpose of establishing defendant's intent and motive for the killings. The State's evidence disclosed that Wayne Buchanan, Billy Joe Franks, Kenneth Potts and others were involved in a breaking and entering at White's Auto

Store in Jackson County, North Carolina. Defendant expressed to several of the State's witnesses his fear that Buchanan and Franks would testify against him in the receiving stolen goods case that was pending against him. Defendant also offered a witness for the State $5,000.00 to "knock off" two of the three decedents and openly discussed with another witness having all of those involved in the breaking and entering "beaten up" or "knocked off." The evidence was properly admitted.

[6] Defendant also assigns as error the trial court's denial of his motion for dismissal at the close of the State's evidence and at the conclusion of all the evidence. When considering the sufficiency of the evidence to survive a motion to dismiss, the evidence, considered in the light most favorable to the State, is deemed to be true and inconsistencies or contradictions therein are disregarded. After the evidence is considered in the light most favorable to the State, the ultimate question for the court's determination is whether there is a reasonable basis upon which the jury might find that the offenses charged in the indictments had been committed and that the defendant was the perpetrator, or one of the perpetrators of the offenses. *State v. Price*, 280 N.C. 154, 184 S.E. 2d 866. The evidence in this case points unerringly to defendant's guilt. The motion to dismiss was properly overruled.

Defendant's seventh assignment of error is that the judge erred in failing to instruct the jury on the law of manslaughter and in failing to submit voluntary manslaughter to the jury as a possible verdict. The jury was told that it could return three possible verdicts: guilty of murder in the first degree, guilty of murder in the second degree, or not guilty. It suffices to say that there was no evidence in the record to justify an instruction on manslaughter as a possible verdict. *State v. Vestal, supra; State v. Crews*, 284 N.C. 427, 201 S.E. 2d 840.

Defendant's final assignment of error, directed to a portion of the judge's charge to the jury, has been carefully considered. It fails to disclose prejudicial error.

We find no prejudicial error in defendant's trial.

No error.

Judges MORRIS and MARTIN concur.