STATE OF NORTH CAROLINA v. JOHNNY DOUGLAS POUCHER

No. 8629SC1246

(Filed 6 October 1987)

1. **Criminal Law § 106.5— sufficiency of evidence—accomplice testimony**

    An accomplice's testimony was sufficient to establish the identity of defendant as a perpetrator of a second degree burglary.

2. **Criminal Law § 162— belated objection to evidence—absence of exception and motion to strike**

    Defendant cannot complain on appeal about the introduction of evidence where defendant objected too late after the witness had twice answered and there was no exception and no motion to strike when an objection was finally made.

APPEAL by defendant from *Kirby, Judge.* Judgment entered 24 June 1986 in Superior Court, TRANSYLVANIA County. Heard in the Court of Appeals 21 September 1987.

This is a criminal action wherein defendant was charged in a proper bill of indictment with second-degree burglary in violation of G.S. 14-51. The State's evidence tends to show the following: On 14 September 1985 around 9 p.m., defendant and a woman, Lynn Teague, entered the home of Hugh Gillespie through an unlocked door. Defendant and Teague went through the rooms of the house and found a jar of coins and some rolled pennies, which they placed in a bag and which Teague took out to their car. After Teague reentered the house, she saw lights approaching, and she told defendant to leave the house. She also tried to leave the house, but Gillespie, who had just arrived home, saw her. After discovering the money was missing, Gillespie called the police and Teague admitted her actions. Defendant was not seen

by Gillespie and Teague did not implicate defendant until a later date.

The jury found defendant guilty of second-degree burglary, and from a judgment imposing a sentence of 30 years, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Lemuel W. Hinton, for the State.*

*Assistant Appellate Defender Gayle L. Moses for defendant, appellant.*

HEDRICK, Chief Judge.

Defendant assigns error to the trial court's denial of his motion to dismiss the charge at the close of all evidence. When there is a motion for dismissal, the trial court must determine whether there is substantial evidence of each essential element of the charged offense, and of the defendant being the person who committed the crime. *State v. Massey*, 316 N.C. 558, 342 S.E. 2d 811 (1986). If substantial evidence is present, the trial court must deny the motion and submit the issue to the jury for decision. *State v. Hyatt*, 32 N.C. App. 623, 233 S.E. 2d 649, *disc. rev. denied*, 292 N.C. 733, 235 S.E. 2d 786 (1977).

[1] Defendant admits that "the evidence tends to establish the existence of the essential elements of second degree burglary." Defendant only contends the evidence does not establish the identity of defendant as perpetrator of the crime. When the trial court considers sufficiency of evidence to survive a motion to dismiss, the evidence, considered in the light most favorable to the State, is deemed to be true and inconsistencies are disregarded. *State v. Hyatt*, 32 N.C. App. 623, 233 S.E. 2d 649, *disc. rev. denied*, 292 N.C. 733, 235 S.E. 2d 786 (1977). The question for the court's determination is whether a reasonable basis exists for the jury to find defendant was the perpetrator of the crime charged. *Id.* In this case, the testimony of Lynn Teague tends to show defendant did commit the crime charged, and this evidence is substantial enough to withstand a motion to dismiss. This assignment of error has no merit.

[2] Defendant also argues the trial court erred in allowing the State to elicit testimony from Lynn Teague concerning defend-

ant's intention to steal property from a doctor's office. Teague testified that she and defendant had intended to break into a doctor's office, but they decided to break into the Gillespies' house instead. Defendant contends the testimony was elicited to show defendant's bad character and to show he acted in conformity with that bad character on the night of the burglary. If the State elicited the testimony for this purpose there would be a violation of Rule 404(b) of the North Carolina Rules of Evidence under which "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith."

Teague's testimony was as follows:

Q. Who had arranged this meeting?

A. Me and him.

Q. Had you discussed why you were meeting?

A. Yes, sir.

Q. Why were you meeting?

A. We were going to break into something.

Q. Do you recall what it was you were going to break and enter?

A. Yeah.

Q. What was it?

A. A doctor's office.

The testimony continued, but no objection was made until after the prosecutor asked, "Now, what were you going to do— had you discussed what you were going to do after you broke and entered the doctor's office?" When Teague began to answer, "We were going to take the stuff and—," defendant objected.

Assuming *arguendo* that the testimony was inadmissible evidence of other crimes, defendant objected too late after allowing the prosecutor to ask about the intention to break in the doctor's office and after allowing the witness to answer twice. There was no exception and no motion to strike when an objection was finally made. Defendant, therefore, cannot complain about the intro-

duction of this evidence on appeal. *State v. Reynolds*, 307 N.C. 184, 297 S.E. 2d 532 (1982). This assignment of error is likewise without merit.

We hold defendant had a fair trial, free from prejudicial error.

No error.

Judges ARNOLD and ORR concur.