STATE v. E. E. HIGHT.

(Filed 24 March, 1909.)

**Embezzlement—Other Articles—Intent—Evidence.**

In a trial upon an indictment for embezzlement, evidence that defendant had pawned and disposed of other articles of the same character identified as belonging to his employers about the same period of time is competent upon the question of guilty intent.

INDICTMENT for embezzlement, heard before *W. R. Allen, J.,* and a jury, at October Term, 1908, of VANCE.

Defendant was charged with the embezzlement of a watch, known as the "Moss watch," the property of his employers, A. W. Gholson & Co. The State introduced A. W. Gholson, who testified that defendant was in the employment of the firm as clerk and repairer during the years 1907 and 1908; that he had access to the goods—kept a key to the store; that they owned the watch described in the indictment; that it was missed from the store in March, 1907; that he found it in the possession of K. W. Edwards, in June, 1908; that he took possession of it and identified it as the "Moss watch." He was permitted, over defendant's objection, to testify that he lost other watches and goods while defendant was in the employ of the firm. He testified to the loss of two watches which he found in the possession of the Jolly-Wynne Company, Raleigh, in June, 1908; one watch found in possession of J. C. Kittrell; one other found in possession of S. R. Harris; some rings and a locket in possession of J. R. Teague. He could not give the exact date of the loss of any of the articles. He found them all in a few days after finding the "Moss watch." To the admission of all of the testimony in regard to the loss of other articles defendant excepted. Some of the articles were the subject of separate indictments pending against defendant.

K. W. Edwards testified that defendant pawned the "Moss watch" with him, in May, 1907; that he said it was his watch, and that he kept it as a timekeeper.

150—52

S. R. Harris testified that defendant pawned two watches with him, which Mr. Gholson identified and he surrendered to him.

F. M. Jolly testified that defendant was in his store in Raleigh. Witness produced two watches; he did not see defendant sell them. They were not there before he came, but were there afterwards. Witness produced the watches; they were identified by prosecutor.

Evidence of a similar character was introduced in regard to the watch and jewelry found with Mr. Harris and Mr. Kittrell. Mr. Gholson identified all of the property. To the admission of all of this evidence defendant duly excepted.

Defendant introduced no evidence. He asked his Honor to instruct the jury: "The defendant is only on trial for the embezzlement of the 'Moss watch,' obtained by the prosecutor from K. W. Edwards. If you shall find as a fact that he did convert to his own use the other property of the prosecutor, that does not prove, nor ought to be considered by you as tending to prove, the guilt of the defendant in respect to the Moss watch." This was declined, and defendant excepted.

His Honor explained to the jury the essential elements of embezzlement, and told them that defendant was on trial for embezzling the Moss watch only; "that if they should be satisfied from the evidence that defendant, while in the employ of the prosecutor as clerk, took the other watches and other property named in the evidence, other than the Moss watch, for which he was being tried, and converted it to his own use, or any of it, then such taking and conversion might be considered upon the question of the intent with which the watch charged in the bill on trial was taken, if they should find from the evidence that he took and converted that watch." Defendant excepted. There was a verdict of guilty. Judgment and appeal.

*Attorney-General* and *T. T. Hicks* for the State.
*T. M. Pittman* and *A. J. Harris* for defendant.

CONNOR, J., after stating the case: It is undoubtedly true, as a general rule, that evidence of the commission of other crimes is not admissible to prove defendant guilty of that for which he is on trial. To this general rule there are certain clearly-defined exceptions. The exception upon which his Honor based

the admission of evidence tending to show the loss of other watches and property of the prosecutor from the store in which defendant was employed, and which was traced to his possession, is that where the intent with which the property is taken is an essential element to be shown, such evidence is competent. *Judge Ashe,* with his usual clearness, states and applies the exception in *State v. Murphy,* 84 N. C., 742. He says: "Where, in the investigation of an offense, it becomes necessary to prove the *quo animo,* the intent, design or guilty knowledge, etc., in such cases it has been held admissible to prove other offenses of like character, as, for instance, in indictments for passing counterfeit money, the fact that the defendant, about the same time, had passed other counterfeit money of like kind, has been uniformly held to be admissible to show the *scienter* or guilty knowledge." The opinion cites *Rex v. Davis,* 6 Car. and P., 117, where, on a trial for receiving stolen goods, for the purpose of showing guilty knowledge of the defendant, evidence was admitted that other goods found at the same time were stolen, although they were the subject of an indictment then pending. The case is strikingly illustrative of the principle applicable in this case. *State v. Weaver,* 104 N. C., 761; *State v. Jeffries,* 117 N. C., 729. The cases relied upon by defendant (*State v. Frazier,* 118 N. C., 1257; *State v. Graham,* 121 N. C., 627, and *State v. Battle,* 126 N. C., 1038) do not come within the exception. If defendant had taken only the Moss watch, and pawned it, the jury may well have had a reasonable doubt whether he did so with a guilty intent; but when it is shown that during the two years of his employment he repeatedly took other property of his employers', under his control as clerk, and disposed of it, applying the proceeds, or the amount borrowed, to his own use, it is difficult to reach any other conclusion than that he took and converted the Moss watch to his own use with a criminal intent. The time within which the other articles were taken, and the circumstances under which they were found, tend to show a systematic course of criminal conduct, of which the taking of the Moss watch was a part. We concur with his Honor

that the evidence was competent for the purpose for which he instructed the jury to consider it.   Upon an examination of the entire record we find

No Error.