223 S.E.2d 296 (1976)
289 N.C. 500
STATE of North Carolina.
v.
Edward Collins DAVIS.
No. 8.
Supreme Court of North Carolina.
April 6, 1976.
*299 Atty. Gen. Rufus L. Edmisten by Asst. Atty. Gen. Lester V. Chalmers, Jr., Raleigh, for the State.
Robert L. Harrell, Asst. Public Defender, Asheville, for defendant-appellant.
BRANCH, Justice.
Defendant contends that the trial judge committed prejudicial error by refusing to permit the State's witness, Sgt. Cook, to testify concerning a statement made by defendant.
By agreement of the parties, the court conducted a voir dire hearing concerning two statements made by defendant. One statement was made on 6 October 1974 and the other on 7 October 1974. The only witness offered on voir dire was Sgt. Cook.
Defendant does not challenge the admissibility of either of the confessions and properly so since there was ample evidence offered on the voir dire hearing to support Judge Snepp's finding "that the statements were made freely, intelligently, and voluntarily after the defendant had been fully advised of his rights under the law and had knowingly and intelligently waived those rights." The trial judge's findings and conclusions of law in turn supported his ruling that both confessions were admissible into evidence. State v. Wright, 274 N.C. 84, 161 S.E.2d 581, cert. denied, 396 U.S. 934, 90 S.Ct. 275, 24 L.Ed.2d 232; State v. Barber, 278 N.C. 268, 179 S.E.2d 404.
After the trial court's ruling the jury returned to the courtroom and the district attorney did not examine Sgt. Cook before the jury but tendered the witness for cross-examination. Thereupon, defendant's counsel sought to elicit from the witness Cook the context of the confession allegedly made by defendant on 7 October 1974. The trial judge sustained the State's objection.
In order to keep our consideration of this assignment of error in proper perspective, we here note that the State subsequently offered the testimony of S.B.I. Agent Maxey who related the statements made by defendant to Sgt. Rhew and the witness on 6 October 1974. The statement as related by the witness Maxey was to the effect that defendant told the officers that he was in the breathalyzer room with two highway patrolmen when the door opened and an older man stepped inside the room and shot Trooper Canipe and then shot the second patrolman. Thereafter defendant grabbed his property and the pistol belonging to Trooper Canipe and fled. On cross-examination the witness stated: "I was not present when Mr. Davis made a statement the next day . . . I don't know whether there was a second interview or not."
The statement allegedly made by defendant on 7 October in substance was that after he was brought into the breathalyzer room the arresting officer filled out a form and told him to sign it and he told the officer to sign it himself. Thereupon the arresting officer pulled his gun and told defendant to sign or he would blow his heart out. A struggle ensued between the defendant and the officer during which the gun fired twice hitting the arresting officer. Defendant stated that he did not *300 know how the other officer was hit. He thereafter took his belongings and the officer's gun and fled.
It is well settled that if the State offers a part of a confession, the accused may require the whole confession to be admitted into evidence. State v. Marsh, 234 N.C. 101, 66 S.E.2d 684; State v. Edwards, 211 N.C. 555, 191 S.E. 1; 2 Stansbury's N.C. Evidence § 187 (Brandis Rev. 1973). However, we are here faced with two separate conflicting statements made on different occasions.
In the case of State v. Taylor, 280 N.C. 273, 185 S.E.2d 677, this Court considered a question similar to the one here under consideration. There, the Court, speaking through Justice Huskins, stated:
Defen[dant's] counsel proposed to ask a State's witness on cross-examination if defendant, when told by the witness that he was under arrest for rape, did not immediately deny his guilt. In the absence of the jury the witness stated that the defendant did deny it. The court sustained objection to the question and excluded the answer. This is the basis for defendant's sixth assignment of error.
Defendant did not take the witness stand and offered no evidence whatever. The proposed cross-examination was therefore not competent to corroborate the defendant or, for that matter, any other witness. It was properly excluded as a self-serving declaration. . . .
Headnote No. 1 in the case of State v. Davis, 246 N.C. 73, 97 S.E.2d 444, correctly and concisely states the pertinent holding of that case. We quote:
Where the State introduces testimony of statements made by defendant on a particular date, but introduces no evidence in regard to statements made by him on a subsequent date, defendant is not entitled to elicit from the State's witness testimony as to self-serving declarations made by defendant on the later date, the State not having "opened the door" to such testimony.
Defendant argues that the State "opened the door" when Sgt. Cook testified on voir dire and when S.B.I. Agent Maxey testified concerning the 6 October 1974 statement. We do not agree. Defense counsel had full opportunity to examine S.B.I. Agent Maxey concerning the 6 October statement. It is noted, however, that this witness testified that he knew nothing about the 7 October statement. The State elected not to examine Sgt. Cook before the jury and the trial judge correctly refused to allow defense counsel to elicit this self-serving evidence on cross-examination at a time when the State had offered no evidence relating to it and defendant had not testified or offered evidence. This assignment of error is overruled.
Defendant assigns as error the ruling of the trial judge granting the State's motion to consolidate the two charges for trial.
The general rule in this jurisdiction is that the trial judge may consolidate for trial two or more indictments in which the defendant is charged with crimes of the same class and the crimes are so connected in time or place that evidence at the trial of one indictment will be competent at the trial of the other. State v. Jarrette, 284 N.C. 625, 202 S.E.2d 721; State v. Anderson, 281 N.C. 261, 188 S.E.2d 336; State v. Frazier, 280 N.C. 181, 185 S.E.2d 652.
The usual objection to consolidation grows out of circumstances where one or more of several defendants takes the position that he or they will be prejudiced if forced to trial with the other defendants; however, we have also considered circumstances in which a single defendant objected to being tried upon several charges at the same time. We rejected such a contention in State v. Jarrette, supra, and in so ruling the Court, speaking through Justice Lake, stated:
Over the objection of the defendant, the State's motion to consolidate for trial the four charges (murder, rape, kidnapping *301 and armed robbery) was granted and the defendant's motion for severance was denied. In these rulings there was no error.
G.S. § 15-152 provides:
"When there are several charges against any person for the same act or transaction or for two or more acts or transactions connected together, or for two or more transactions of the same class of crimes or offenses, which may be properly joined, instead of several indictments, the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court will order them to be consolidated * * *."
The uncontradicted evidence is that the entire series of events comprising the four crimes with which the defendant is charged began at about 3:30 p. m., Eastern Standard Time, on 11 February 1973 and was concluded when it was just dark enough to require lights on automobiles. On that date, this would be approximately two and one-half hours. Obviously, the four offenses constituted a continuing criminal episode. See: State v. Frazier, 280 N.C. 181, 185 S.E.2d 652; State v. Turner, 268 N.C. 225, 150 S.E.2d 406; State v. White, 256 N.C. 244, 123 S.E.2d 483; State v. Chapman, 221 N.C. 157, 19 S.E.2d 250. They were so related in time and circumstance as to permit the admission in evidence of each in the trial of the others. State v. Morrow, 262 N.C. 592, 138 S.E.2d 245; State v. McClain, 240 N.C. 171, 81 S.E.2d 364; State v. Harris, 223 N.C. 697, 28 S.E.2d 232; Stansbury, North Carolina Evidence (Brandis Revision), § 91. Under these circumstances, the consolidation of the cases for trial was within the sound discretion of the trial judge. State v. Yoes and State v. Hale, 271 N.C. 616, 157 S.E.2d 386.
We note parenthetically that G.S. § 15-152 was repealed by Session Laws 1973, c. 1268, s. 26, however, this legislative change became effective July 1, 1975, subsequent to the trial of this case.
It is true that in ruling upon a motion for consolidation of charges, the trial judge should consider whether the accused can fairly be tried upon more than one charge at the same trial. If such consolidation hinders or deprives the accused of his ability to present his defense, the cases should not be consolidated. Pointer v. United States, 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208; Dunaway v. United States, 92 U.S.App.D.C. 299, 205 F.2d 23. Nevertheless it is well established that the motion to consolidate is addressed to the sound discretion of the trial judge and his ruling will not be disturbed absent a showing of abuse of discretion. State v. Jarrette, supra; State v. Yoes and Hale v. State, 271 N.C. 616, 157 S.E.2d 386; State v. Overman, 269 N.C. 453, 153 S.E.2d 44; Dunaway v. United States, supra.
Defendant argues that he was prejudiced by the consolidation because without the consolidation of charges he would have had the election of testifying in one case without being forced to testify in the other.
In instant case, the charged crimes were obviously continuing criminal acts which permit the admission in evidence of each in the trial of the other. We are unable to discern any material reason why it would be to defendant's advantage to testify in one case and not the other. Certainly his unsupported statement of possible prejudice is not sufficient to show abuse of discretion on the part of the trial judge in allowing the motion to consolidate the charges for trial.
Defendant next assigns as error the denial of his request for special instructions on self-defense. He contends that the State's evidence of powder burns on his hands was sufficient to show that defendant was engaged in a struggle for possession of the weapon when it was fired thereby requiring instruction on self-defense.
The general rule is that when the State or defendant produces evidence that defendant acted in self-defense, the question *302 of self-defense becomes a substantial feature of the case requiring the trial judge to state and apply the law of self-defense to the facts of the case. State v. Deck, 285 N.C. 209, 203 S.E.2d 830; State v. Watkins, 283 N.C. 504, 196 S.E.2d 750. Conversely, if the evidence is insufficient to evoke the doctrine of self-defense, the trial judge is not required to give instructions on that defense even when specifically requested. State v. Freeman, 275 N.C. 662, 170 S.E.2d 461; State v. McLawhorn, 270 N.C. 622, 155 S.E.2d 198.
A person may kill in self-defense if he be free from fault in bringing on the difficulty and if it is necessary, or appears to him to be necessary to kill so as to save himself from death or great bodily harm. The reasonableness of his belief and the amount of force required, must be judged by the jury upon the facts and circumstances as they appeared to the defendant at the time of the killing. State v. Deck, supra; State v. Kirby, 273 N.C. 306, 160 S.E.2d 24; State v. Smith, 268 N.C. 659, 151 S.E.2d 596, cert. denied, 386 U.S. 1032, 87 S.Ct. 1481, 18 L.Ed.2d 593; State v. Fowler, 250 N.C. 595, 108 S.E.2d 892.
The facts of this case when taken in the light most favorable to defendant, as we are required to do, are insufficient to raise the issue of self-defense. State v. Watkins, supra; State v. Finch, 177 N.C. 599, 99 S.E. 409. At most the evidence permits an inference that defendant struggled for possession of the weapon before the fatal shots were fired. The record is void of evidence tending to show that: (1) Defendant was free from fault in bringing on the difficulty, (2) it was necessary or appeared to defendant to be necessary for him to kill or use the force used in order to save himself from death or great bodily harm.
We hold that under this evidence, the trial judge properly refused to instruct the jury on self-defense.
This record does not disclose that defendant's counsel moved for judgment as of nonsuit at the appropriate time or by his brief questioned the sufficiency of the evidence to show premeditation or deliberation so as to sustain the verdicts of murder in the first degree. Nevertheless since these cases involve the imposition of the death penalty we, ex mero motu, elect to consider this question.
Murder in the first degree is the unlawful killing of a human being with malice and with premeditation and deliberation. State v. Duboise, 279 N.C. 73, 181 S.E.2d 393; State v. Reams, 277 N.C. 391, 178 S.E.2d 65 cert. denied, 404 U.S. 840, 92 S.Ct. 133, 30 L.Ed.2d 74. Premeditation may be defined as thought beforehand for some length of time. "Deliberation means. . . an intention to kill, executed by defendant in a cool state of blood, in furtherance of a fixed design . . . or to accomplish some unlawful purpose. . .." State v. Perry, 276 N.C. 339, 172 S.E.2d 541.
Murder in the second degree is the unlawful killing of a human being with malice, but without premeditation and deliberation. State v. Duboise, supra; State v. Winford, 279 N.C. 58, 181 S.E.2d 423.
In our opinion, there is ample evidence in the case sub judice to permit the jury to find that defendant unlawfully killed Sgt. William Dean Arledge and Trooper Lawrence Canipe with malice. Thus the only remaining question is whether the evidence taken in the light most favorable to the State is sufficient to support legitimate inferences and findings by the jury that defendant, after premeditation and deliberation, formed a fixed purpose to kill Trooper Canipe and Sgt. Arledge and thereafter accomplished this purpose. State v. Perry, supra; State v. Walters, 275 N.C. 615, 170 S.E.2d 484. Obviously premeditation and deliberation are not ordinarily susceptible of proof by direct evidence and therefore must usually be proved by circumstantial evidence. State v. Walters, supra. Among the circumstances to be *303 considered in determining whether a killing is done with premeditation and deliberation are: (1) Want of provocation on the part of the deceased, State v. Hamby and State v. Chandler, 276 N.C. 674, 174 S.E.2d 385 modified on other grounds, 408 U.S. 937, 92 S.Ct. 2862, 33 L.Ed.2d 754; (2) the conduct of defendant before and after the killing, State v. Britt, 285 N.C. 256, 204 S.E.2d 817; (3) the dealing of lethal blows after deceased has been felled and rendered helpless, State v. Duboise, supra; (4) the vicious and brutal manner of the killing, State v. Fountain, 282 N.C. 58, 191 S.E.2d 674; (5) the number of shots fired, State v. Sparks, 285 N.C. 631, 207 S.E.2d 712 pet. for cert. filed, 43 U.S.L.W. 3392 (U.S. Nov. 29, 1974) (No. 669).
The evidence in instant cases is sufficient to support reasonable inferences that: (1) When defendant was taken into custody, he was highly resentful and belligerent, (2) both Trooper Canipe and Sgt. Arledge were at all times engaged in the execution of their sworn duty and did nothing to provoke an assault upon them by defendant, (3) after forcefully obtaining Trooper Canipe's pistol, defendant brutally shot him three times and at least one of the shots was fired after the Trooper had been felled and rendered helpless, (4) defendant while engaged in one continuing criminal act shot Sgt. Arledge who was apparently sitting at his desk with his glasses on top of his head and with his pistol holstered, and (5) defendant without offering any aid to the fatally wounded men or even anonymously notifying anyone of their plight took Trooper Canipe's pistol, documents which identified defendant as being in the room where the killings occurred, a watch belonging to Trooper Canipe and fled.
In our opinion, when taken in the light most favorable to the State the evidence was sufficient to permit, but not require, the jury to reasonably infer that defendant after premeditation and deliberation formed a fixed purpose to kill Trooper Lawrence Canipe and Sgt. William Arledge and thereafter accomplished that purpose.
Finally defendant contends that the death penalty is cruel and unusual punishment and therefore its imposition is constitutionally impermissible. These contentions have been considered and rejected by this Court in a host of recent decisions. We adhere to the holdings in those cases. State v. Alford, 289 N.C. 372, 222 S.E.2d 222 (1976); State v. Armstrong, 287 N.C. 60, 212 S.E.2d 894 (1975); State v. Vick, 287 N.C. 37, 213 S.E.2d 335 (1975); State v. Lowery, 286 N.C. 698, 213 S.E.2d 255 (1975); State v. Simmons, 286 N.C. 681, 213 S.E.2d 280 (1975); State v. Stegmann, 286 N.C. 638, 213 S.E.2d 262 (1975); State v. Woods, 286 N.C. 612, 213 S.E.2d 214 (1975); State v. McLaughlin, 286 N.C. 597, 213 S.E.2d 238 (1975); State v. Lampkins, 286 N.C. 497, 212 S.E.2d 106 (1975); State v. Avery, 286 N.C. 459, 212 S.E.2d 142 (1975); State v. Williams, 286 N.C. 422, 212 S.E.2d 113 (1975); State v. Sparks, supra; State v. Honeycutt, 285 N.C. 174, 203 S.E.2d 844 (1974); State v. Dillard, 285 N.C. 72, 203 S.E.2d 6 (1974); State v. Noell, 284 N.C. 670, 202 S.E.2d 750 (1974); State v. Jarrette, supra.
Our careful examination of this entire record discloses that defendant has had a fair trial free from prejudicial error.
No error.