STATE OF NORTH CAROLINA v. DENNIS L. GREENE

No. 20

(Filed 7 March 1978)

**1. Criminal Law § 92.3— offenses constituting parts of single scheme— consolidation proper**

Although G.S. 15A-926 does not permit joinder of offenses solely on the basis that they are of the same class, the nature of the offenses is one of the factors which may properly be considered in determining whether certain acts or transactions constitute "parts of a single scheme or plan," as those words are used in the statute.

State v. Greene

2. **Criminal Law §§ 34.5, 34.8— evidence of other offenses—admissibility to show common plan or defendant's identity**

Evidence of commission of other independent and unrelated crimes or offenses is not admissible to prove an accused to be guilty of the crime for which he is on trial, but proof of commission of like offenses is admissible to show, *inter alia*, intent, plan or design to commit the offense charged or to show identity of the accused; therefore, the trial judge did not abuse his discretion by joining these cases against defendant since evidence of defendant's assault with intent to commit rape upon one victim was admissible in the cases charging defendant with kidnapping and raping a second victim three hours later to show defendant's intent and plan or design to commit the crimes, or in the language of G.S. 15A-926, to show a "single scheme or plan," and, since both victims described defendant's physical appearance and the clothing that he wore on the afternoon of the alleged crimes, evidence of the offenses committed against the second victim would have been admissible in the case charging assault with intent to commit rape upon the first victim for the purpose of establishing defendant's identity as her assailant.

3. **Criminal Law § 92.4— three offenses by one defendant—consolidation proper**

In determining whether an accused has been prejudiced by joinder, the question is not whether the evidence at the trial of one case would be competent and admissible at the trial of the other; rather, the question is whether the offenses are so separate in time and place and so distinct in circumstances as to render a consolidation unjust and prejudicial to defendant. Joinder of these cases did not unjustly and prejudicially hinder or deprive defendant of his ability to defend one or more of the charges, since the three offenses occurred within a three hour time span and the offenses were all similar in nature.

Justice EXUM concurring in result.

ON certiorari to review the decision of the North Carolina Court of Appeals (34 N.C. App. 149) which found no error in defendant's trial before *Rouse, J.*, 13 September 1976 Criminal Session of ONSLOW County Superior Court.

Defendant was charged in separate bills of indictment with assault with intent to commit rape, rape and kidnapping. By bill of indictment number 76CR6927, defendant was charged with kidnapping Catherine A. Rutherford; by bill of indictment number 76CR6929, he was charged with the second degree rape of Catherine A. Rutherford; and, by bill of indictment number 76CR6928, he was charged with assault with intent to commit rape upon Debbie Elerick. The charges were consolidated for trial over defendant's objection.

The State's evidence tended to show that about 2:00 p.m. on 3 May 1976, defendant went to Debbie Elerick's apartment and gained admission by posing as a painter employed by the apartment management. By threat of a knife and with physical force, defendant took Mrs. Elerick into the bedroom where he removed her clothes and attempted to have sexual intercourse against her will. He was unable to consummate the act and left. At approximately 4:10 p.m., he picked up Mrs. Catherine A. Rutherford, who was walking to Jacksonville, where she was employed. Instead of taking Mrs. Rutherford to Jacksonville, defendant took her to a wooded area, where, by the use of force and against her will, he had sexual intercourse with her. Defendant left Mrs. Rutherford in the wooded area at about 5:00 p.m. On cross examination, Mrs. Rutherford admitted that she had lived with several different men since she and her husband had separated.

Defendant testified in his own behalf and denied that he had assaulted Mrs. Elerick in any manner. His testimony and that given by other witnesses tended to establish an alibi as to the assault upon Mrs. Elerick. He admitted that he had engaged in sexual intercourse with Mrs. Rutherford but testified that it was at her suggestion and with her consent.

The jury found defendant not guilty of kidnapping but returned verdicts of guilty of assault with intent to commit rape in each of the two remaining charges. The trial judge imposed a sentence of not less than twelve years nor more than fifteen years for the assault with intent to commit rape upon Mrs. Rutherford to run consecutively with a sentence of fifteen years for the assault with intent to commit rape upon Mrs. Elerick.

We allowed defendant's petition for discretionary review on 6 December 1977.

*Rufus L. Edmisten, Attorney General, by James Wallace, Jr., Assistant Attorney General, for the State.*

*Bailey & Raynor, by Edward G. Bailey, for defendant appellant.*

BRANCH, Justice.

The sole question presented by this appeal is whether the trial judge erred by consolidating the charge of assault with in-

tent to commit rape upon Debbie Elerick with the charges of kidnapping and rape of Catherine Rutherford. Defendant does not contend that it was error to consolidate the charges of kidnapping and second degree rape for trial.

Consolidation of criminal offenses for trial is, in part, controlled by G.S. 15A-926 which, in pertinent part, provides:

> *Joinder of offenses and defendants.* — (a) Joinder of Offenses.— Two or more offenses may be joined in one pleading when the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan. Each offense must be stated in a separate count as required by G.S. 15A-924.

This statute became effective on 1 July 1975 and supplanted former G.S. 15-152 which provided:

> When there are several charges against any person for the same act or transaction or for two or more acts or transactions connected together, or for two or more transactions of the same class of crimes or offenses, which may be properly joined, instead of several indictments, the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court will order them to be consolidated . . . .

G.S. 15A-926 differs from its predecessor in that it does not permit joinder on the basis that the acts were of the same class of crime or offense when there is no transactional connection, and in that it contains new language permitting joinder of offenses or crimes which are based on a series of acts or transactions "constituting parts of a single scheme or plan." See, G.S. 15A-926, Official Commentary.

In ruling upon a motion for joinder of offenses, the trial judge should consider whether the accused can be fairly tried if joinder is permitted. If joinder would hinder or deprive defendant of his ability to present his defense, the motion should be denied. *Pointer v. U.S.*, 151 U.S. 396 (1894); *State v. Davis*, 289 N.C. 500, 223 S.E. 2d 296 (1976). However, it is well established that such a motion is ordinarily addressed to the sound discretion of the trial judge, and his ruling will not be disturbed absent a showing of

abuse of discretion. *State v. Davis, supra; State v. Jarrette*, 284 N.C. 625, 202 S.E. 2d 721 (1974).

[1]   In instant case, defendant was indicted for two crimes of the same class or nature—assault with intent to commit rape and rape. Although G.S. 15A-926 does not permit joinder of offenses solely on the basis that they are of the same class, we approve and adopt the language of the Court of Appeals, "that the nature of the offenses is one of the factors which may properly be considered in determining whether certain acts or transactions constitute 'parts of a single scheme or plan,' as those words are used in present G.S. 15A-926(a)."

In *State v. Frazier*, 280 N.C. 181, 195, 185 S.E. 2d 652, 661 (1972), this Court considered the question of joinder and speaking through Lake, J., stated:

> . . . In the present case, the State contends that the murder of Miss Underwood, the kidnapping of Mrs. Collins and the robbery of Mrs. Collins were all parts of a continuing program of action by the defendant and Westbrook, covering a period of approximately three hours. Under such circumstances, evidence of the whole affair is pertinent to the several charges and there is no error in consolidating them for trial. [Citations omitted.]

As in *Frazier*, the sexual assaults upon Mrs. Elerick and Mrs. Rutherford within a time span of three hours were "parts of a single scheme or plan" by defendant to satisfy his sexual desires on the afternoon of 3 May 1976. In instant case, evidence of the whole affair is therefore pertinent to the several charges and joinder is permissible under G.S. 15A-926(a).

[2]   Defendant, however, argues that even though the joinder might be permissible under the statute, the trial judge abused his discretion by joining the cases and thereby allowing Mrs. Elerick to testify concerning the assault upon her. In considering this contention, we initially note the general rule is that evidence of commission of other independent and unrelated crimes or offenses is not admissible to prove an accused to be guilty of the crime for which he is on trial. *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954); *State v. Hight*, 150 N.C. 817, 63 S.E. 1043 (1909). However, equally well-established exceptions to the rule permit proof of commission of like offenses to show, *inter alia*, intent, plan or

design to commit the offense charged or to show identity of the accused. Our Court has been very liberal in admitting evidence of similar sex crimes in construing the exceptions to the general rule. *State v. Arnold*, 284 N.C. 41, 199 S.E. 2d 423 (1973); *State v. Davis*, 229 N.C. 386, 50 S.E. 2d 37 (1948); *State v. Biggs*, 224 N.C. 722, 32 S.E. 2d 352 (1944). *See also*, 1 Stansbury's N.C. Evidence, Section 92 (Brandis Rev. 1973).

Here evidence of the assault with intent to commit rape upon Mrs. Elerick was admissible in the cases charging defendant with kidnapping and raping Mrs. Rutherford to show defendant's intent and plan or design to commit the crimes, or, in the language of the statute, to show a "single scheme or plan." Evidence of the offenses of the kidnapping and rape of Mrs. Rutherford was admissible in the case of the assault upon Mrs. Elerick for the same reason. Since both victims described defendant's physical appearance and the clothing that he wore on the afternoon of 3 May 1976, evidence of the offenses committed against Mrs. Rutherford would have been admissible in the case charging assault with intent to commit rape upon Mrs. Elerick for the purpose of establishing defendant's identity as her assailant.

[3] However, in determining whether an accused has been prejudiced by joinder ". . . The question is not whether the evidence at the trial of one case would be competent and admissible at the trial of the other. The question is whether the offenses are *so separate in time and place* and *so distinct in circumstances* as to render a consolidation unjust and prejudicial to defendant." *State v. Johnson*, 280 N.C. 700, 704, 187 S.E. 2d 98, 101 (1972). *See also*, *State v. White*, 256 N.C. 244, 123 S.E. 2d 483 (1962). This record does not disclose that the charges against defendant are so distinct in time and factual circumstances that a joinder would unjustly and prejudicially hinder or deprive him of his ability to defend one or more of the charges.

We hold that the trial judge, acting within the framework of G.S. 15A-926(a) and in the exercise of his discretion, properly joined the cases for trial.

Defendant's petition for discretionary review was improvidently granted, and, for reasons stated, the decision of the Court of Appeals is

Affirmed.

State v. Greene

Justice EXUM concurring in result.

I would decide this case by holding that the kidnapping and rape cases in which the victim was Catherine Rutherford were improperly consolidated for trial with the assault with intent to commit rape in which the victim was Debbie Elerick in violation of G.S. 15A-926; but since in a trial of the Elerick case the offenses against Mrs. Rutherford would have been admissible in evidence against the defendant or in a trial of the Rutherford cases the offense against Mrs. Elerick would have been likewise admissible, the defendant was not prejudiced by the erroneous consolidation.

I disagree with the majority's conclusion that the Rutherford offenses and the Elerick offense are joinable under G.S. 15A-926(a) as part of a "single scheme or plan." My view of the law on this point is as stated in my dissent in *State v. May*, 292 N.C. 644, 666, 235 S.E. 2d 178, 191-92 (1977):

> "When, however, another crime is offered as conduct tending to show defendant's plan to do an act which in turn tends to prove that the act was done, there must be more than merely some similarity between the other crime and the crime sought to be proved. The incidents must be so strikingly alike in detail that evidence of both raises a reasonable inference of the existence of a plan out of which both sprang. 'But where the conduct offered [to prove a plan] consists merely in the doing of other similar acts, it is obvious that something more is required than that mere similarity, which suffices for evidencing Intent. . . . The added element then, must be, not merely a similarity in the results, but *such a concurrence of common features that the various acts are naturally to be explained as caused by a general plan of which they are the individual manifestations.*' 2 Wigmore on Evidence § 304 at 202 (3d ed. 1940). (Emphasis the author's.)"

The two incidents here are quite dissimilar in the modus operandi employed by the defendant. In the Elerick case defendant gained admission to the victim's apartment by posing as a painter employed by the apartment management. In the Rutherford cases, however, the victim was hitchhiking and picked up by defendant on the highway. The dissimilarity in the two cases negatives the existence of any common plan or scheme out of

which the defendant's attacks against the two women sprang. To say, as the majority does, that both attacks arose out of defendant's plan to satisfy his sexual impulses in effect nullifies one of the purposes of the new joinder statute which, the majority recognizes, was enacted in part to preclude the joinder of crimes merely on the basis that they are of the same class or type of offense.

In the Elerick case, however, defendant's offenses against Mrs. Rutherford would be admissible to help prove the intent with which defendant assaulted Mrs. Elerick. Similarly, in the Rutherford cases the offense against Mrs. Elerick would be admissible on the question of consent. Notwithstanding the statement quoted by the majority from *State v. Johnson*, 280 N.C. 700, 704, 187 S.E. 2d 98, 101 (1972), these propositions demonstrate that the erroneous consolidation was harmless.