STATE OF NORTH CAROLINA v. WILLIS REGINALD CREECH

No. 7712SC1070

(Filed 18 July 1978)

1. **Criminal Law § 92.4— multiple charges against same defendant—consolidation proper**

   In a prosecution for rape, aggravated kidnapping and crime against nature defendant's argument that he was prejudiced by consolidation of the cases because, had they not been consolidated, he could have elected to testify in one case if he so desired without being forced to testify in the others is without merit since the offenses joined for trial were based on a series of acts or transactions connected together and constituted a continuing criminal episode; evidence of one offense would certainly be admissible in trials on the other offenses; defendant failed to show the manner in which his right against self-incrimination was violated; and defendant failed to move for severance at the close of all the evidence. G.S. 15A-927(a)(2).

2. **Criminal Law § 127.1— motion in arrest of judgment—improper method for raising jurisdictional question**

   Defendant's motion in arrest of judgment made on the ground that the court lacked jurisdiction because the crime occurred on a military reservation was properly denied, since the question of jurisdiction, as to the place of the commission of the crime, is to be proved as a part of the general issue and cannot be raised on a motion in arrest of judgment.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 5 August 1977, Superior Court, CUMBERLAND County. Heard in the Court of Appeals 26 April 1978.

Defendant was charged with rape, aggravated kidnapping, and crime against nature. To each charge defendant pled not guil-

ty. The jury returned verdicts of not guilty to the charges of rape and kidnapping but found defendant guilty of the charge of crime against nature. From the judgment entered on this verdict, defendant appealed. Facts necessary for decision are set out in the opinion.

*Attorney General Edmisten, by Associate Attorney Norma S. Harrell, for the State.*

*James R. Nance, Jr., for defendant appellant.*

MORRIS, Judge.

[1] Defendant's first assignment of error is directed to the court's allowing the State's motion to consolidate for trial all three charges against defendant. He argues that consolidation violated "his constitutional right against self-incrimination provided by the Fifth Amendment and the Fourteenth Amendment of the Constitution of the United States and Article 1, Section 23 of the Constitution of the State of North Carolina" because he did not intend to testify in the kidnapping and crime against nature case but did intend to testify in the rape case.

G.S. 15A-926(a) provides that "[t]wo or more offenses may be joined in one pleading or for trial when the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan. . . ."

Evidence for the State tended to show that the prosecuting witness, on her way to her dormitory room at the Veterans Administration Hospital in Fayetteville from a date, realized that her car was out of gas. She pulled over to the side of the road and sat for a few moments looking around the area to determine where she could find help. As she opened her car door preparatory to going to an unlighted house across the street, a car, driven by defendant, came up and stopped. He opened the door, asked her what was wrong, and, upon being told that she was out of gas, asked whether she had some type of container he could use to get some gas. She had nothing, and he offered to take her to a service station to get a container and some gas. They went to one station which was closed, another which was open but had no container, and another which was closed. Miss

Propst then felt that she was imposing on defendant and asked him to take her to the house of a friend who she knew would help her. However, when he got to the road leading to the friend's house, defendant went past. When she told him she would show him exactly where the road was, he suddenly thought of a place she could get gas and did not turn in the road. Instead he reached over and put his hand on her leg. She asked him not to do that. Then he reached over and touched her breast. Again she remonstrated with him but was told to get down in the floor. At first she refused but did get on the floor, and he kept pushing her head down when she tried to look up. When he stopped the car, he told her to get up out of the floor and sit on the seat and that she could "go back if she did what he said do." She began to cry because she thought he was going to kill her. He told her he was not going to kill her. She asked if he were going to rape her and he said, "No, I just want to kiss you and I want to take your clothes off." Miss Propst testified she struggled as long as she could but he was a lot larger and stronger than she. She was 5′2″ tall and weighed 125 pounds. After he got her clothes off, he attempted to perform oral sex on her, made her perform oral sex, and then had intercourse with her. She testified that she prayed aloud, and he stopped, put his clothes on and told her to put her clothes on. He then carried her to her friend's house. Before he drove off, she got the number from the license plate on his car. Her friend called the police. She was taken to the hospital where she stayed several hours. Defendant was arrested the next morning.

Defendant testified that he offered to help her find gas, that he took her to one station which was closed, to another which had no container, and to a third which was closed; that they engaged in conversation; that she was attractive, and he asked if she would like to park with him; that she responded in the affirmative; that he did engage in oral sex with her and she with him not once but twice but that it was all done with her consent; that she refused to allow him to have intercourse with her but got mad when he attempted to; that he then dressed, told her to dress, and brought her to her friend's house.

It is obvious that the offenses joined for trial were based on "a series of acts or transactions connected together" and constituted a continuing criminal episode. In *State v. Davis*, 289 N.C.

500, 223 S.E. 2d 296, *vacated on other grounds* 429 U.S. 809, 97 S.Ct. 47, 50 L.Ed. 2d 69 (1976), Justice Branch, speaking for the Court, said:

> "It is true that in ruling upon a motion for consolidation of charges, the trial judge should consider whether the accused can fairly be tried upon more than one charge at the same trial. If such consolidation hinders or deprives the accused of his ability to present his defense, the cases should not be consolidated. *Pointer v. United States*, 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208; *Dunaway v. United States*, 205 F. 2d 23. Nevertheless it is well established that the motion to consolidate is addressed to the sound discretion of the trial judge and his ruling will not be disturbed absent a showing of abuse of discretion. *State v. Jarrette, supra* [284 N.C. 625, 202 S.E. 2d 721]; *State v. Yoes* and *Hale v. State*, 271 N.C. 616, 157 S.E. 2d 386; *State v. Overman*, 269 N.C. 453, 153 S.E. 2d 44; *Dunaway v. United States, supra.*" 289 N.C. at 508, 223 S.E. 2d at 301.

There, as here, the defendant argued that he was prejudiced by the consolidation because, had the case not been consolidated, he could have elected to testify in one case if he so desired without being forced to testify in the other. The Court found no error in the consolidation. In the case before us, the prejudice to defendant is no more easily discernible than in *Davis*, and defendant has not clarified for us the manner in which defendant's right against self-incrimination has been violated. The charges were continuing criminal acts. Evidence of one would certainly be admissible in the others. He denied the rape and kidnapping and testified that the crime against nature was consensual. Defendant has shown no abuse of discretion.

Additionally, defendant failed to move for severance at the close of all the evidence. G.S. 15A-927(a)(2) provides that "[i]f a defendant's pretrial motion for severance is overruled, he may renew the motion on the same grounds before or at the close of all the evidence. Any right to severance is waived by failure to renew the motion." That this section is applicable here is indicated by this explanation appearing in the official commentary to the section: "Prior to trial the defendant may object to joinder. Once the trial is begun it is more appropriate to speak in terms of 'severance'." *See also State v. Hyatt*, 32 N.C. App. 623, 233 S.E. 2d 649 (1977), *cert. den.* 292 N.C. 733, 235 S.E. 2d 787 (1977).

Defendant's first assignment of error is overruled.

After the jury returned its verdict of guilty of crime against nature, defendant moved in arrest of judgment. One motion was grounded on his position that the court lacked jurisdiction because the crime was committed on the military reservation. The other was on the ground of selective prosecution. Defendant was allowed to put on evidence as to each motion. The court denied each motion and defendant excepted. These exceptions form the basis of his second and third assignments of error. We find no merit in either assignment of error.

[2] The motion in arrest of judgment[1] on the ground that the court lacked jurisdiction was based on defendant's contention that the crime occurred on the military reservation. This position of defendant was placed before the court too late. If the defendant wished to rely upon a defect in jurisdiction because the offense occurred in a jurisdiction other than the one in which he was being tried, he should have proved it as a part of the general issue. *State v. Long*, 143 N.C. 670, 57 S.E. 349 (1907), where the Court said: "If the defendant wishes to rely upon the fact that the offense was committed outside the State, he cannot move to quash or in arrest, but must prove the fact in defense under his plea of not guilty." (Citations omitted.) 143 N.C. at 674, 57 S.E. at 350. *See also State v. Lea*, 203 N.C. 13, 164 S.E. 737, *cert. den.* 287 U.S. 649, 53 S.Ct. 95, 77 L.Ed. 561 (1932). In the recent case of *State v. Batdorf*, 293 N.C. 486, 238 S.E. 2d 497 (1977), our Supreme Court adopted the majority rule which places the burden of proof as to the place of the commission of the crime on the State rather than the defendant. This case did not, however, change the rule that the question of jurisdiction, as to place of the commission of the crime, is to be proved as a part of the general issue and cannot be raised on a motion in arrest of judgment.

> "A motion in arrest of judgment is based upon the insufficiency of the indictment or some other fatal defect appearing on the face of the record. *State v. Armstrong*, 287 N.C. 60, 212 S.E. 2d 894 (1975); *State v. McCollum*, 216 N.C. 737, 6 S.E. 2d 503 (1940). Judgment may be arrested in a criminal prosecution when, and only when, some fatal error or defect ap-

---

1. We note that defendant elected to file a motion in arrest of judgment in lieu of a motion to dismiss under G.S. 15A-954. We, therefore, treat it as a motion in arrest of judgment.

pears on the face of the record proper. *State v. Kirby*, 276 N.C. 123, 171 S.E. 2d 416 (1970); *State v. Higgins*, 266 N.C. 589, 146 S.E. 2d 681 (1966)." *State v. McKenna*, 289 N.C. 668, 689, 224 S.E. 2d 537, 551, *vacated on other grounds* 429 U.S. 912, 97 S.Ct. 301, 50 L.Ed. 2d 278 (1976).

Here defendant produced evidence by which he attempted to show discriminatory enforcement of the law. The District Attorney testified that he was not aware of any case prosecuted by his office charging crime against nature where two consenting adults had engaged in an act of oral sex, one adult being a male and the other being a female. Obviously, since the evidence is not a part of the record proper, this purported defect could not properly be the subject of a motion in arrest of judgment. The record in this case does not reveal any fatal defect. The motions in arrest of judgment should have been denied. The fact that the court erroneously heard evidence is harmless.

Defendant has shown no reason in law to disturb the verdict and judgment entered thereon.

No error.

Judges MARTIN and ARNOLD concur.