STATE OF NORTH CAROLINA v. NORRIS WILLIAMS

No. 797SC67

(Filed 15 May 1979)

1. **Criminal Law § 18.4— appeal to superior court—trial de novo**
   The Superior Court Division, as the trial court upon appeal and trial *de novo*, is generally justified in disregarding completely the plea, trial, verdict and judgment in the court below, even in those situations in which the inferior court has not granted the defendant his constitutional rights, and defendant, by appealing to the superior court for trial *de novo*, secured and exercised his right to introduce evidence in his own behalf and therefore could not justly complain that he was deprived of that right in district court.

2. **Criminal law § 92.4— joinder of misdemeanor and felony—discretion of trial court not abused**
   There was no merit to defendant's contention that separate offenses arising from the same acts or occurrences should be joined for trial only when they are contained in separate counts of the same bill of indictment or other criminal pleading, and the trial court did not abuse its discretion in allowing the State's motion to join felony and misdemeanor charges against defendant for trial where those arose out of the same transaction, though the State's motion for joinder was not made until after defendant's arraignment.

3. **Jury § 6.3— voir dire examination—questions about impartiality**
   In a prosecution for assault and common law robbery, the trial court did not err in permitting the district attorney to tell prospective jurors on voir dire that a proposed sale of marijuana was involved in the case to be tried and to inquire as to whether any of them would be unable to be fair and impartial for that reason, since such questions tended only to secure impartial jurors and did not tend to "stake out" the prospective jurors or cause them to pledge themselves to a future course of action, nor did the court, by allowing the

questions, express an opinion with regard to the weight and credibility to be given the State's evidence.

APPEAL by defendant from *Fountain, Judge.* Judgment entered 23 August 1978 in Superior Court, WILSON County. Heard in the Court of Appeals 6 April 1979.

The defendant, Norris Williams, was charged by warrant with the misdemeanor of assault inflicting serious injury in violation of G.S. 14-33(b)(1) and convicted in the District Court Division. The defendant moved to arrest judgment in the District Court Division on the ground that he had not been allowed to present evidence. The presiding judge agreed that error had been made but overruled the motion. The defendant then appealed to the Superior Court Division [hereinafter referred to alternatively as the "trial court"] for trial *de novo.* The charge of assault inflicting serious injury was joined for trial in the Superior Court Division with a felony charge of attempted common law robbery for which the defendant had been indicted.

At trial, the State's witness, Donald Mayfield, testified that he went to a recreation center on the evening of 24 May 1978 "to see if I could find a bag of marijuana." There he met Thorne Lee, Robert Windham, Ricky Morris, and the defendant. All of them left together in the defendant's car to look for marijuana. They later stopped on a rural road and got out of the car. Thorne Lee said, "We want your money." The defendant then hit Mayfield and knocked him down. Thorne Lee and the defendant then began hitting Mayfield and kicking him in the face, the back of the head and the body. The defendant and the others then drove away and left Mayfield, who was bleeding from the nose and a cut in the back of his head, without taking or otherwise attempting to take his money. Mayfield was later taken to the hospital where, "They cleaned me up and did something to my nose and put some stitches in the back of my head." Deputy Sheriff James Overby gave testimony tending to corroborate Mayfield's testimony.

The defendant testified in his own behalf. Thorne Lee and Robert Windham also testified for the defendant. They each testified that an argument and fight occurred between Thorne Lee and Mayfield and that the defendant did not take part in that fight.

At the close of the evidence, the trial court dismissed the charge of attempted common law robbery. The jury returned a verdict of guilty as charged on the charge of assault inflicting serious injury, and the trial court sentenced the defendant to a term of imprisonment of not less than eighteen months nor more than twenty-four months. From this judgment, the defendant appealed.

Other facts pertinent to this appeal are hereinafter set forth.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Associate Attorney James C. Gulick, for the State.*

*Farris, Thomas & Farris, P. A., by Robert A. Farris, for defendant appellant.*

MITCHELL, Judge.

[1] The defendant first assigns as error the failure of the trial court to arrest the judgment of the District Court Division below on the misdemeanor charge of assault inflicting serious injury. In support of this assignment, the defendant contends that the record before the trial court during trial *de novo* clearly revealed error in the District Court Division which required the trial court, *ex mero motu*, to remand the matter to the District Court Division for a new trial or, alternatively, to instruct the prosecutor to comply with the exceptions set forth in G.S. 7A-271. We do not agree.

When a defendant in a criminal case appeals from a judgment in the District Court Division, the appeal is to the Superior Court Division for trial *de novo*. The jurisdiction of the Superior Court Division over misdemeanors appealed in such manner is the same as that possessed by the District Court Division in the first instance. G.S. 7A-271(a)(5); G.S. 7A-290. When an appeal of right is taken to the Superior Court Division:

> It is established law in North Carolina that trial *de novo* in the superior court is a new trial from beginning to end, on both law and facts, disregarding completely the plea, trial, verdict and judgment below; and the superior court judgment entered upon conviction there is wholly independent of any judgment which was entered in the inferior court.

*State v. Spencer*, 276 N.C. 535, 543, 173 S.E. 2d 765, 771 (1970). Additionally, the Superior Court Division, as the trial court upon appeal and trial *de novo*, is generally justified in "disregarding completely the plea, trial, verdict and judgment below," even in those situations in which the inferior court has not granted the defendant his constitutional rights. *Id.* By appealing to the Superior Court Division for trial *de novo*, the defendant secured and exercised his right to introduce evidence in his own behalf. Therefore, he cannot justly complain that he has been deprived of that right. *Id.* This assignment of error is overruled.

[2] The defendant next assigns as error the trial court's action in allowing the State's motion to join the felony and misdemeanor charges for trial. The defendant contends that G.S. 15A-926(a), when taken together with G.S. 15A-924, reflects a legislative intent that separate offenses arising from the same acts or occurrences be joined for trial only when they are contained in separate counts of the same bill of indictment or other criminal pleading. As the felony charge here is contained in a bill of indictment and the misdemeanor charge is contained in a warrant, the defendant contends the trial court erred in allowing their joinder for trial. Neither the express language of those statutes nor the apparent intent of the legislature will support this contention by the defendant.

Separate offenses may be joined for trial when they arise from the same act or transaction. G.S. 15A-926(a). The well-settled rule, that the discretion of the trial court in joining cases for trial will not be disturbed absent a showing that the defendant has been deprived thereby of a fair trial, has not been abrogated by Chapter 15A and continues to apply. *See State v. Greene*, 294 N.C. 418, 241 S.E. 2d 662 (1978). In determining whether a defendant has been prejudiced by joinder pursuant to G.S. 15A-926, the question which must generally be addressed is whether the offenses are so separate in time and place and so distinct in circumstances as to render joinder unjust and prejudicial to the defendant. *Id.* In the present case the events giving rise to both charges against the defendant were clearly parts of a single transaction, scheme or plan. Therefore, joinder of the two charges was appropriate.

The defendant also contends that the trial court erred in granting the State's motion for joinder, as that motion was not

made at or before the time of the defendant's arraignment. A motion for joinder must be made at or before the time of arraignment if arraignment is held prior to the session of court for which the trial is calendared. G.S. 15A-952(c). Further, failure to file such motion in a timely manner constitutes a waiver of the motion. G.S. 15A-952(e). The trial court may, however, grant relief from any such waiver of a motion for joinder. G.S. 15A-952(e). Therefore, the trial court did not err in allowing the State's motion for joinder made after the defendant's arraignment, as this action was within its discretion and no resulting prejudice has been shown.

[3] The defendant next assigns as error the trial court's denial of his motion for a mistrial. The defendant's motion was based upon his assertion that he suffered irreversible prejudice when the trial court permitted the district attorney to tell prospective jurors on voir dire that a proposed sale of marijuana was involved in the case to be tried and to inquire as to whether any of them would be unable to be fair and impartial for that reason. The defendant contends that the trial court's denial of his objection and motion for mistrial at that point had the effect of instructing the jury that they should not question the credibility of the prosecuting witness, even if they found that the prosecuting witness was engaged in a criminal enterprise at the time of the alleged crime. The defendant contends that the trial court thereby effectively expressed an opinion, in violation of G.S. 15A-1222, on the weight and credibility to be given evidence which the State proposed to present. We do not agree.

The regulation of the manner and extent of the exercise of the right to inquire into the fitness of jurors rests largely in the discretion of the trial court. *State v. Bryant*, 282 N.C. 92, 191 S.E. 2d 745 (1972). Counsel may not, however, properly be allowed to ask questions tending to "stake out" the juror or to elicit in advance what the juror's decision would be upon a given state of facts. *State v. Vinson*, 287 N.C. 326, 215 S.E. 2d 60 (1975), *modified as to death penalty*, 428 U.S. 902, 49 L.Ed. 2d 1206, 96 S.Ct. 3204 (1976); *State v. Hunt*, 37 N.C. App. 315, 246 S.E. 2d 159, *review denied and appeal dismissed*, 295 N.C. 736, 248 S.E. 2d 865 (1978). Here, we find the questions asked by the State tended only to secure impartial jurors and did not tend to "stake out" the prospective jurors or cause them to pledge themselves to a future

course of action. The trial court properly allowed such questions and did not, in our view, express an opinion with regard to the weight and credibility to be given the State's evidence. This assignment of error is overruled.

The defendant has brought forward other assignments of error. We have reviewed each of them and find each without merit.

The defendant received a fair trial free from prejudicial error, and we find

No error.

Judges MARTIN (Robert M.) and WEBB concur.