STATE OF NORTH CAROLINA v. FREDERICK BRACEY, JR.

No. 795SC1140

(Filed 2 September 1980)

1. **Criminal Law § 92.3– consolidation of three robbery cases for trial – no single plan or scheme**

    The trial court erred in consolidating for trial three indictments charging defendant with common law robberies on 17 April 1979, 25 April 1979 and 26 April 1979, although each robbery occurred within a two-block area of Market Street in Wilmington and each robbery was committed in a similar manner in that two men would enter a small business in the afternoon and one man would assault the victim while the other took money from the cash register, since a scheme or plan to commit a series of robberies in the future is not a "series of acts or transactions" constituting a single scheme or plan within the meaning of G.S. 15A-926(a).

2. **Constitutional Law § 75– self-incrimination – defendant's testimony on motion to suppress**

    Where defendant testified at a hearing on a motion to suppress his confession that he was under the influence of PCP or "bam" at the time he confessed, defendant's right against self-incrimination was not violated when the State was permitted to ask defendant on cross-examination at the trial whether he used "bam," since the State did not use defendant's statement at the suppression hearing against him or ask him if he had testified at the suppression hearing that he used "bam."

APPEAL by defendant from *Bruce, Judge.* Judgment entered 2 August 1979 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 18 April 1980.

The defendant was charged in three separate indictments for three separate crimes of common law robbery. The robberies were alleged to have occurred over a ten-day period on 17 April 1979, 25 April 1979 and 26 April 1979. The cases were consolidated for trial over the objection of the defendant. The evidence showed that each robbery occurred within a two-block area of Market Street in Wilmington. Each of the robberies was done in a similar manner in that two men would enter a small business in the afternoon and one of the two men would assault the victim while the other took money from the cash drawer. Defendant was found not guilty of two of the charges and guilty of a third. From a prison sentenced imposed, he has appealed.

*Attorney General Edmisten, by Associate Attorney Thomas J. Ziko, for the State.*

*D. Webster Trask for defendant appellant.*

WEBB, Judge.

[1] The defendant's first assignment of error is to the consolidation of the three charges for trial. G.S. 15A-926 provides in part:

> (a) Joinder of offenses. — Two or more offenses may be joined in one pleading or for trial when the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan . . . .

If these three charges could be consolidated under this statute, it would be because they are a "series of acts or transactions . . . constituting part of a single scheme or plan." From the evidence it could be concluded the defendant and another person had a scheme or plan to conduct a series of robberies. The question in this case is whether that fits the statutory definition.

In *State v. Greene*, 294 N.C. 418, 241 S.E. 2d 662 (1978) our Supreme Court held a charge of assault with intent to commit rape was properly consolidated with a charge of rape which occurred three hours later. The Court said: "The sexual assaults . . . within a time span of three hours were 'parts of a single scheme or plan' by defendant to satisfy his sexual desires on the afternoon of 3 May 1976." The rationale of that case was that two separate charges may be consolidated if the scheme or plan is to accomplish one thing. We do not believe it applies in this case. We believe that implicit in the holding of *Greene* is the requirement that there be a transactional connection or a continuing program of action involving the crimes charged in order to consolidate them for trial. In the case sub judice there was no transactional connection or continuing program of action in regard to the three separate armed robberies. We hold that this

State v. Bracey

scheme or plan to commit a series of several different robberies in the future is not a "series of acts or transactions" constituting a single scheme or plan within the meaning of the statute. It was error to consolidate the three separate charges for trial.

[2]  We shall discuss one of the defendant's other assignments of error as its subject may recur at a new trial. The defendant made a motion to suppress a confession. At the hearing on the motion to suppress, he testified he was under the influence of PCP or "bam" at the time he made the confession. At the trial the prosecuting attorney asked the defendant whether he used "bam." The defendant, relying on *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L. Ed. 2d 1247 (1968) contends his objection to this question should have been sustained. In *Simmons* the defendant moved to suppress as evidence a suitcase containing incriminating items which he contended was seized in an unlawful search. He testified at a hearing on the motion to suppress that the suitcase was similar to a suitcase he owned and the clothing inside it was his. The motion to suppress was denied, and his statement as to ownership of the suitcase and clothes was used against him at the trial. The United States Supreme Court held this to be error. The Supreme Court reasoned that since it was necessary for him to show that he owned the suitcase and its contents in order to have standing to challenge the search and seizure, he had to testify to this at the hearing to suppress. The Court held he should not be required to give up his Fifth Amendment right against self-incrimination in order to assert his Fourth Amendment right against unreasonable search and seizure. The defendant argues in this case that he should not be required to relinquish his Fifth Amendment right against self-incrimination when he asserts that right in a motion to suppress a confession. He argues this will be the effect if the State is allowed to cross-examine him in regard to matters about which he testified at the motion to suppress his confession.

We believe there is an important distinction between *Simmons* and the case sub judice. In *Simmons* the prosecution used the defendant's statement against him. In the case sub judice the prosecuting attorney did not ask the defendant if he had testified he used "bam." She asked the defendant if he used

"bam." The information as to the defendant's use of "bam" could have come from a source other than defendant's testimony at the suppression hearing. If the State has evidence which is otherwise relevant it should not be made incompetent by the defendant's testifying to it on a motion to suppress. We hold it was proper for the prosecuting attorney to question the defendant as to his use of "bam." She did not ask him whether he testified at the suppression hearing that he had used "bam."

The other assignments of error by the defendant are without merit or involve matters that may not recur at a subsequent trial.

New trial.

Judges MARTIN (Robert M.) and HILL concur.