STATE v. L. C. DULA.

(Filed 19 April, 1933.)

Criminal Law G m—

> The pleadings and judgment in a civil suit are not admissible in evidence in a criminal prosecution against the same defendant although the same transaction is involved, and their admission constitutes reversible error. C. S., 533.

APPEAL by defendant from *Stack, J.,* at October Term, 1932, of FORSYTH. New trial.

This is a criminal action in which the defendant was convicted of the embezzlement of certain moneys which he had collected from the sale of pianos received by him from the Lester Piano Company under a contract of consignment.

From judgment that he be confined in the State's prison for a term of not less than two or more than five years, the defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Siler for the State.*
*John D. Slawter and Richmond Rucker for the defendant.*

STATE v. DULA.

CONNOR, J. At the trial of this action, for the purpose of supporting its contention that the defendant had received from the Lester Piano Company thirteen pianos, which he had sold without accounting to said company for the money which he had collected from the sales, as he had undertaken to do by the contract of consignment, the State offered in evidence the complaint, answer, verdict, and judgment in a civil action lately pending in the Superior Court of Forsyth County, in which the Lester Piano Company was the plaintiff, and the defendant in this action was the defendant.

It was alleged in the complaint in that action that from about 28 October, 1929, to about 3 February, 1931, the Lester Piano Company, under a contract of consignment, had delivered to the defendant thirteen pianos which were specifically described in the complaint. This allegation was admitted in the answer; the defendant, however, alleged in his answer that he had settled in full for the said pianos with an agent of the plaintiff, Lester Piano Company, on or about 20 March, 1931. On the verdict in that action, it was adjudged that the plaintiff was the owner and entitled to the possession of the pianos described in the complaint. There was evidence at the trial of this action tending to show that the pianos described in the complaint in the civil action are the identical pianos involved in this action.

The defendant in apt time objected to the introduction as evidence in this action of the pleadings and judgment in the civil action. These objections were overruled, and defendant excepted. On his appeal to this Court, the defendant relies on his assignments of error based on these exceptions.

It is provided by statute in this State that "no pleading can be used in a criminal prosecution against the party as proof of a fact admitted or alleged therein." C. S., 533.

It is generally held that "a judgment in a civil action is not admissible in a subsequent criminal prosecution although exactly the same questions are in dispute in both cases, for the reason that the parties are not the same, and different rules as to the weight of the evidence prevail." 15 R. C. L., 1004. It has been said that it would not be just to convict a defendant in a criminal action by reason of a judgment obtained against him in a civil action by a mere preponderance of evidence. *S. v. Bradneck,* 69 Conn., 212, 37 Atl., 492, 43 L. R. A., 620.

The error in overruling defendant's objections to the admission in evidence of the complaint and answer and of the judgment in the civil action, was prejudicial to the defendant, and entitled him to a new trial. *S. v. Smith,* 164 N. C., 475, 79 S. E., 979, is not an authority to the contrary. In that case, the defendant's exception to the admission of a pleading in a civil action to which he was a party was abandoned on his

appeal to this Court, and for that reason was not considered in the decision of the questions involved in the appeal.

As the defendant is entitled to a new trial for the error in the admission as evidence of the pleadings and judgment in the civil action, we do not discuss other assignments of error relied on by defendant in this appeal.

New trial.