STATE v. WILLIAM ED GAMMONS.

(Filed 11 January 1963.)

**1. Criminal Law § 34;  Rape § 18—**
    In a prosecution for assault with intent to commit rape, evidence that defendant committed a like offense approximately two years prior to the offense charged is incompetent and its admission is prejudicial error, there being no connection between the two offenses.

**2. Criminal Law § 107—**
    Where defendant introduces evidence of an alibi, it is prejudicial error for the court to fail to charge the law applicable thereto.

APPEAL by defendant from *Armstrong, J.,* April Term 1962 of SURRY.

This is a criminal action wherein the defendant William Ed Gammons was tried on a bill of indictment charging him with the assault on a female with intent to commit rape. The defendant entered a plea of not guilty.

The State's evidence tends to show that the assault on the prosecutrix with intent to commit rape took place in a basement bedroom of the defendant's home; that this room had been used on previous occasions for conferences by the defendant with members of his church.

Defendant is a Holiness preacher and was the pastor of the Faith and Gospel Tabernacle Church of which the prosecutrix was a member at the time of the alleged assault.

The jury returned a verdict of guilty as charged. From the judgment imposed on the verdict the defendant appeals, assigning error.

*Attorney General Bruton, Asst. Attorney General James F. Bullock for the State.*

*Blalock & Swanson for defendant.*

DENNY, C.J. The appellant made a motion for judgment as of non-suit when the State rested. The motion was denied. The defendant thereafter offered evidence and the State offered additional evidence in rebuttal. The defendant did not renew his motion for judgment as of nonsuit and, therefore, does not contend on this appeal that the State's evidence was not sufficient to take the case to the jury.

The defendant assigns as error the admission over objection by the defendant of the testimony of Caroleta Garner, a witness for the State, to the effect that approximately two years before the trial of this case she was in the home of the defendant in the basement bedroom; that she was a member of the defendant's church at the time and that the defendant told her if she didn't let him do what he wanted to, that she was going to be deathly sick and that something terrible was going to happen to her, and that she let him have sexual intercourse with her.

" * * * (W)here the nature of the offense is such that proof of its commission as charged carries with it an implication or presumption of criminal intent, evidence of the perpetration or attempted perpetration of other like offenses is inadmissible." *S. v. Beam*, 184 N.C. 730, 115 S.E. 176.

In North Carolina Law of Evidence by Stansbury, section 91, it is said: "Evidence of other offenses is inadmissible if its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged: * * *. The commission of a certain act is never directly evidential of the commission of a similar act at some other time. There is always some intermediate step in the reasoning. If there is no other connection between the two acts, it is argued that the doing of the first act shows a disposition to indulge in that kind of conduct, and from this disposition the probability of the second act is inferred. But to reason thus from one crime to another is a clear violation of the character rule; hence if the first act has no other relevancy than that, it may not be proved."

In *S. v. Graham*, 121 N.C. 623, 28 S.E. 409, this Court said: "Evidence of a distinct, substantive offense cannot be admitted in support

of another offense, as a general rule. * * *

"It is when the transactions are so connected or contemporaneous as to form a continuing action that evidence of the collateral offense will be heard to prove the *intent* of the offense charged."

In the case of *S. v. Smith*, 204 N.C. 638, 169 S.E. 230, it is said: "It is undoubtedly the general rule of law that evidence of a distinct substantive offense is inadmissible to prove another and independent crime, the two being wholly disconnected and in no way related to each other."

There are certain exceptions to the general rule, but in our opinion the challenged testimony does not fall within any of the exceptions. *S. v. Fowler*, 230 N.C. 470, 53 S.E. 2d 853; *S. v. Choate*, 228 N.C. 491, 46 S.E. 2d 476; *S. v. Harris*, 223 N.C. 697, 28 S.E. 2d 232; *S. v. Smith*, *supra*.

This assignment of error is sustained.

Moreover, the defendant's chief defense on which he relied in the trial below was an alibi. If the evidence of the defendant and his witnesses is believed, neither the prosecutrix nor the defendant were in the room where the offense is alleged to have taken place at the time charged.

The defendant assigns as error the failure of the court below to charge and apply the law to the defendant's evidence with respect to his alibi. In this connection the State concedes error and cites *S. v. Spencer*, 256 N.C. 487, 124 S.E. 2d 175.

Since there must be a new trial, we deem it unnecessary to consider and discuss the remaining assignments of error. They may not arise on another hearing.

New trial.