STATE OF NORTH CAROLINA v. INNSBRUCK THOMAS BREEZE

No. 7510SC135

(Filed 21 May 1975)

**Criminal Law § 34— defendant's intent disputed — evidence as to independent crimes admissible**

> In a prosecution of defendant for larceny by trick where the evidence tended to show that defendant took the prosecuting witness's money in exchange for cigarettes which he did not deliver, the trial court did not err in allowing witnesses to testify concerning defendant's involvement in two other cigarette sale schemes, though such evidence tended to show that defendant may have been guilty of independent crimes, since such evidence tended to prove the disputed fact as to defendant's intent.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 22 November 1974 in Superior Court, WAKE County. Heard in the Court of Appeals 15 April 1975.

Defendant was charged with larceny by trick in violation of G.S. 14-70. Upon his plea of not guilty, the jury returned a verdict of guilty as charged. From judgment sentencing him to imprisonment for a term of four years, defendant appealed.

The evidence for the State tended to show the following: The defendant contacted both Luther Deans and Harry Williamson in March of 1974 and offered to sell them some cigarettes. Neither of them was interested, but Williamson referred the defendant to one James Hall. Defendant and a man named Jimmy contacted Hall and told him that they were "working for a salvage company in Charlotte and they had some cigarettes that were damaged", that "they weren't stolen or anything, but had been in a fire in Charlotte and lots of cartons had been wet and smoke-damaged", that "the insurance claim had been paid off and they were supposed to destroy them", and that they had some 800 cases of cigarettes and would take $22,000.00 for them". Hall accepted the offer and agreed to meet with them on the night of 18 March 1974. Hall then contacted Morris Jones, who agreed to supply the money for the purchase. After Jones obtained the money from a Raleigh bank, he and Hall and a third man drove out to a prearranged location to meet with the defendant. At the meeting Hall took a briefcase containing the money and got into the back seat of a car with the defendant. Jimmy and a man named Bill were in the front seat of the car. Jimmy took the money from Hall, put it in an envelope and supposedly put the envelope in another briefcase and gave the briefcase to Hall. Hall then was instructed to get out and wait for the defendant and Jimmy to take Bill to the truckload of cigarettes. When Bill arrived with the truck, Hall was to inspect the cigarettes and, if he still wanted them, he was to give the briefcase of money to Bill. As soon as Hall got out of the car, however, the three men sped off. Hall and his two companions pursued the car but lost it in the traffic. When the briefcase Jimmy had handed to Hall was opened, it was found to contain only scrap paper.

John Gaskins, an SBI Agent, was called to testify that defendant had admitted having attempted a similar scheme in Charlotte, but the trial court excluded his testimony as irrelevant.

The defendant testified on his own behalf and denied that he had ever met Deans or Williamson. He also denied having confessed to a similar confidence scheme in Charlotte or having been involved in a similar scheme in Durham. The defendant further testified that Hall had planned to trick Jones and had tried to get him involved, but that he had refused to participate.

In rebuttal Rex Holder, a witness for the State, testified that the defendant had offered to sell him smoke-damaged cigarettes in Durham in March of 1974 and that the defendant and a man named Jimmy had switched envelopes on him and cheated him of $6,000. SBI Agent Gaskins was recalled by the State and testified that the defendant had admitted attempting a similar scheme in Charlotte during March of 1974. The testimony of F. L. Benson, a Wake County Deputy Sheriff, was offered to corroborate the SBI Agent's testimony.

*Attorney General Edmisten, by Assistant Attorney General Claude W. Harris, for the State.*

*Lawrence B. Shuping, Jr., for defendant appellant.*

MORRIS, Judge.

Both of the assignments of error brought forward and argued in defendant's brief relate to the testimony of witnesses offered by the State in rebuttal. By his first assignment of error defendant contends the trial court erred in allowing rebuttal witnesses Gaskins and Benson to testify as to statements made by defendant regarding any subsequent cigarette sale in Charlotte. In his second assignment of error defendant contends the trial court erred in allowing rebuttal witness Holder to testify regarding any sale of nonexistent cigarettes in Durham. We find no merit in either of the defendant's contentions.

In *State v. Long,* 280 N.C. 633, 187 S.E. 2d 47 (1972), defendant had testified on cross-examination, over objection, that he had not gotten the pistol used in the attempted armed robbery for which he was convicted in a previous completed armed robbery of a Little General Store. In rebuttal, the State examined a witness who, over objection, was allowed to testify that he worked at the Little General Store which was robbed by defendant and that in the robbery defendant took the pistol in question and carried it away. In the case before the court defendant had denied any intent to commit a robbery, his defense being that he had asked for a refund for a dime which he had inserted in a machine which did not deliver the merchandise, that prosecuting witness refused to give the refund, and he drew his pistol to obtain the refund, was involved in a fight to get the pistol, and ran. The Court held the cross-examination was not a collateral matter by which the State was bound but was an inquiry tending to establish an essential element of the

crime for which he was being tried; i.e., the intent to deprive the owner of his property permanently and convert the property to defendant's use. Additionally, the Court noted the general rule "that in a prosecution for a particular crime the State cannot offer evidence tending to show that the accused has committed another distinct, independent or separate offense. Stansbury, N. C. Evidence 2d, § 91. The rule and eight well-defined exceptions to it are thoroughly discussed and documented in a scholarly opinion by Ervin, J., in *State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364 (1954). "The second exception to the rule is expressed in *McClain* as follows: '2. Where a specific mental intent or state is an essential element of the crime charged, evidence may be offered of such acts or declarations of the accused as tend to establish the requisite mental intent or state, even though the evidence discloses the commission of another offense by the accused.' " *State v. Long, supra,* at 641. The Court held that the rebuttal evidence fell within that exception and was competent as substantive evidence bearing on the criminal intent of defendant.

We think *Long* is apposite to the case before us. Here the defendant testified that Hall had planned to trick Jones and had tried to get him involved, but he had refused and that he had never seen Deans and Williamson. Thus defendant is denying that he had any intent to take the money of the prosecuting witness. Like *Long,* "[h]is intent is a relevant but disputed fact which the challenged evidence tends to prove". It is not inadmissible simply because it tends to show that defendant may have been guilty of an independent crime.

No error.

Judges VAUGHN and CLARK concur.