STATE OF NORTH CAROLINA v. FRED D. WILSON

No. 817SC1091

(Filed 1 June 1982)

**1. Criminal Law § 92.4— motion for joinder of offenses timely made**

Defendant's contention that the State's motion for joinder was not timely made because it was not made prior to arraignment can be rejected on two bases: (1) the provisions of G.S. 15A-952 apply only to motions for joinder made by a defendant, and (2) it is within the discretion of the trial judge to permit pretrial motions to be filed at a later time than set out in the statute. G.S. 15A-952(b).

**2. Criminal Law § 92.3— offenses separate and distinct—joinder improper**

Where defendant was charged in separate bills of indictment with two separate instances of obtaining money under false pretenses, the two cases

against him were improperly joined for trial under G.S. 15A-926(a) since the offenses for which defendant was tried were separate and distinct and not a part of "a single scheme or plan."

**3. Criminal Law § 33.2— evidence of civil judgments against defendant—competent as evidence of motive and intent to commit crime**

Evidence of seven civil judgments docketed against defendant in the total principal amount of $9,357.80 was competent to show defendant's financial motive and intent to commit the two crimes of obtaining money under false pretenses with which defendant was charged.

**4. Criminal Law § 33.3— obtaining money by false pretenses—evidence of similar representation to other parties—admissible to show intent**

In a prosecution for obtaining money under false pretenses, evidence that defendant previously had represented to some five other parties that he would help them obtain houses, and that they had neither obtained houses nor received the money back, was relevant to show defendant's fraudulent intent and his similar transactions with the prosecuting witnesses.

Judge BECTON concurring in the result.

APPEAL by defendant from *Brown, Judge.* Judgment entered 10 June 1981 in Superior Court, EDGECOMBE County. Heard in the Court of Appeals 10 March 1982.

Defendant was charged in separate bills of indictment with obtaining money under false pretenses from Robert E. Whitehead and Stella Whitehead and from Fannie E. Whitaker. The evidence for the State tended to show that in July of 1979 defendant contacted Stella and Robert Whitehead with regard to assisting them in obtaining a home. He informed the Whiteheads that it would be necessary for them to pay him a $950.00 deposit or downpayment, which would be applied to the purchase price or the cost of their house and lot when obtained. A written contract was signed by defendant and the Whiteheads, and in a series of partial payments, the Whiteheads paid the $950.00 deposit to defendant. Defendant informed the Whiteheads that he would try to assist them in finding a suitable lot for their house, but that they should also attempt to locate a suitable lot. Defendant informed the Whiteheads that he would take care of arranging the financing and construction of their home. The Whiteheads inquired of defendant what would happen to their deposit or downpayment in the event they changed their minds about wanting a home, and defendant told them that under such circumstances, the deposit would be refunded to them. Thereafter, the Whiteheads began looking for a suitable lot and on several occasions discussed the

matter with defendant. In January, 1980, defendant attempted to discuss with the Whiteheads the possibility of helping them buy a farm. After that discussion, the Whiteheads determined that they were not interested in dealing with the defendant any further and requested that he refund their $950.00 deposit. Defendant failed and refused to return the deposit or any portion of it to the Whiteheads. The Whiteheads never obtained a house or lot as a result of their association or dealings with the defendant.

State's evidence also tended to show a similar course of dealings between defendant and Fannie Whitaker Savage. Mrs. Savage also sought to obtain a refund of her $950.00 downpayment from defendant but was not able to obtain any portion of it.

Other evidence offered by the State tended to show that Planters National Bank's records indicated checking accounts in the name of F. D. W. Insurance Agency and Atlantic Mobile Homes; that the defendant was the only person authorized to write checks on those accounts; and that during the months of June, July and August, 1979, these accounts had extremely low balances, with only one deposit in the amount of $200.00 having been made to either of those accounts during that three month period. The State also presented evidence that tended to show the existence of outstanding civil judgments on record in the office of the Clerk of Superior Court of Edgecombe County against the defendant totaling approximately $9,358.00.

The State also presented the testimony of five witnesses who testified that they had had dealings with the defendant similar to those testified to by the Whiteheads and Mrs. Savage, and that they had not been able to either obtain a house or a lot through the efforts of the defendant or to obtain a refund of their downpayment.

Defendant's evidence consisted of testimony, including his own, which tends to show defendant's good faith efforts and intent to fulfill his contractual obligations to the Whiteheads and Mrs. Savage, to show his good character, and to show that he had entered into and fulfilled similar contracts with a number of other persons.

On rebuttal, the State presented Jesse Baker, who testified that in Edgecombe County District Court on 28 August 1979, he

heard defendant testify that defendant had deposited the money he received from the Whiteheads in defendant's F. D. Wilson Insurance Company account at Planters National Bank in Rocky Mount.

The jury returned verdicts of guilty as charged in both cases. From the judgment entered on the verdicts, defendant has appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General George W. Lennon, for the State.*

*Edward B. Simmons, for defendant-appellant.*

WELLS, Judge.

[1] In his first assignment of error, defendant contends that the trial court erred in granting the State's motion to join the two charges for trial, over his objection. Defendant first contends that the State's motion was not timely because it was not made prior to arraignment, citing the provisions of G.S. 15A-952 in support of this argument. The record shows that defendant was arraigned on both charges on 16 February 1981, when he entered a plea of not guilty. The State's motion for joinder was filed on 4 June 1981. The motion was heard and granted on 8 June 1981, the day the trial began. We reject defendant's contention on two bases: first, the provisions of the cited statute apply only to motions for joinder made by a defendant; second, it is within the discretion of the trial judge to permit pre-trial motions to be filed at a later time than set out in the statute. *See* G.S. 15A-952(b).

[2] Defendant next contends that the two cases against him were improperly joined for trial. G.S. 15A-926, in pertinent part, provides as follows:

> § 15A-926. Joinder of offenses and defendants — (a) Joinder of Offenses. — Two or more offenses may be joined in one pleading or for trial when the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan. Each offense must be stated in a separate count as required by G.S. 15A-924.

Because of the many-faceted factual situations confronting trial judges on joinder motions by the State, it is difficult to lay down hard and fast joinder rules; hence, our appellate courts have generally held that joinder motions are properly decided in the sound discretion of the trial court. The statutory criteria is not without meaning, however, and where there is a serious question of prejudice resulting from consolidation for trial of two or more offenses, the appropriate function of appellate review is to determine whether the case meets the statutory requirements. The following statement of our Supreme Court in *State v. Clark*, 301 N.C. 176, 270 S.E. 2d 425 (1980), provides guidance for our decision here:

> In ruling upon a motion for joinder, the trial judge should consider whether the accused can be fairly tried upon more than one charge at the same trial. If such consolidation hinders or deprives the accused of his ability to present his defense, the cases should not be consolidated. *State v. Davis*, 289 N.C. 500, 223 S.E. 2d 296 (1976), [*death penalty vacated*, 429 U.S. 809, 50 L.Ed. 2d 69, 97 S.Ct. 47 (1976).] In determining whether defendant has been prejudiced, the question posed is whether the offenses are so separate in time and place and so distinct in circumstances as to render a consolidation unjust and prejudicial to an accused. *State v. Greene*, 294 N.C. 418, 241 S.E. 2d 662 (1978). However, it is well established that the motion to join is addressed to the sound discretion of the trial judge and his ruling will not be disturbed absent a showing of abuse of discretion. *State v. Davis*, supra; *Dunaway v. United States*, 205 F. 2d 23 (D.C. Cir., 1953). In the instant case, all of the matters out of which the joined cases grew occurred on the same afternoon of the same day and each was perpetrated according to a common *modus operandi.* Thus, the facts of this case meet the statutory requirements for joinder, and the record shows that the respective charges are not so distinct in time and circumstances as to prejudicially hinder or deprive defendant of his ability to defend any one of the charges.

In *State v. Greene*, relied on by the court in *Clark*, the court emphasized the transactional requirement implicit in the statute. We quote in pertinent part:

G.S. 15A-926 differs from its predecessor in that it does not permit joinder on the basis that the acts were of the same class of crime or offense when there is no transactional connection, and in that it contains new language permitting joinder of offenses or crimes which are based on a series of acts or transactions "constituting parts of a single scheme or plan." See, G.S. 15A-926, Official Commentary.

In *Clark*, *Greene*, and *Davis*, a brief time interval between offenses is a common denominator. In *Clark*, all of the offenses occurred on the same afternoon, one following soon after the other. In *Greene*, the two offenses occurred within a time span of three hours. In *Davis*, the four offenses occurred within a time span of approximately two and one-half hours. In *State v. Frazier*, 280 N.C. 181, 185 S.E. 2d 652 (1971), *death penalty vacated*, 409 U.S. 1004, 34 L.Ed. 2d 295, 93 S.Ct. 453 (1972), the offenses took place within a time span of three hours. In *State v. Old*, 272 N.C. 42, 157 S.E. 2d 651 (1967), the three offenses took place within two hours. In resolving the issue in these cases, the Court has described the transaction as "all parts of a continuing program of action", *Frazier*, supra; and "entire episode", *Olds*, supra; "entire series of events comprising the four crimes", *Davis*, supra; and "whole affair", *Greene*, supra; compare *State v. Bracey*, 303 N.C. 112, 277 S.E. 2d 390 (1981).

The evidence in the case now before us shows that the contract with the Whiteheads was entered into on 19 July 1979, while the contract with Whitaker was entered into on 10 August 1979, almost three weeks later. While the two offenses for which defendant was tried have common characteristics, the present statute, as the Court pointed out in *Greene*, does not allow joinder on the basis that the offenses charged are of the same class of crime. The offenses for which defendant was tried were separate and distinct, not part of "a single scheme or plan". We hold that the necessary transactional connection was not present in these cases and that joinder was improper as a matter of law. *See State v. Silva*, 304 N.C. 122, 282 S.E. 2d 449 (1981).

[3] Defendant also assigns error to the admission, over defendant's objection, of evidence of seven civil judgments docketed against the defendant in the total principal amount of $9,357.80. While in *State v. Dula*, 204 N.C. 535, 168 S.E. 836 (1933), our

Supreme Court stated that: "It is generally held that 'a judgment in a civil action is not admissible in a subsequent criminal prosecution although exactly the same questions are in dispute in both cases, for the reason that the parties are not the same, and different rules as to the weight of the evidence prevail,' " this rule does not apply to the facts of the case at bar. In *Dula*, pleadings and a civil judgment entered against defendant were erroneously admitted to prove the same facts necessary to obtain a criminal conviction against the defendant. However, in this case, by introducing the civil judgments against defendant, the State was attempting not to prove the truth of the facts underlying the civil judgments, but to show defendant's financial motive and intent to commit the crimes with which he was charged. Under *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954), this was permissible, and this assignment is overruled.

[4] In his next assignment of error, defendant argues that the trial court erred in allowing the State to present evidence that defendant had made representations to other parties that he would assist them in obtaining housing and that those parties did not obtain houses.

To be relevant, evidence must have some logical tendency to prove a fact at issue in the case. 1 Stansbury's N.C. Evidence, § 77 (Brandis Rev. 1973). "[E]vidence is competent and relevant if it is one of the circumstances surrounding the parties, and necessary to be known, to properly understand their conduct or motives, or if it reasonably allows the jury to draw an inference as to a disputed fact." *State v. Arnold,* 284 N.C. 41, 199 S.E. 2d 423 (1973).

One of the essential elements of the crimes with which defendant was charged was intent to cheat and defraud *at the time* defendant represented to the Whiteheads and to Fannie Whitaker that he would assist them in obtaining houses. *See* G.S. 14-100; *State v. Cronin*, 299 N.C. 229, 262 S.E. 2d 277 (1979). Evidence that defendant previously had represented to some five other parties that he would help them obtain houses, and that they had neither obtained houses nor received their money back, was relevant to show defendant's fraudulent intent in his transactions with the Whiteheads and Mrs. Savage. *See State v. Breeze*, 26 N.C. App. 48, 214 S.E. 2d 802 (1975); *cert. denied*, 287 N.C. 665,

216 S.E. 2d 908 (1975)). Such relevant evidence is not rendered inadmissible merely because it may show the commission of a separate offense.

> Where a specific mental intent or state is an essential element of the crime charged, evidence may be offered of such acts or declarations of the accused as tend to establish the requisite mental intent or state, even though the evidence discloses the commission of another offense by the accused.

*State v. McClain*, supra; *see also State v. Arnold*, supra; *State v. Smoak*, 213 N.C. 79, 195 S.E. 72 (1937); *Henderson v. Finance Co.*, 273 N.C. 253, 160 S.E. 2d 39 (1968). We hold that the trial court properly admitted evidence of defendant's previous transactions, and overrule this assignment of error.

Due to improper joinder of these cases for trial, there must be a new trial in both cases.

New Trial.

Judge HILL concurs.

Judge BECTON concurs in the result.

Judge BECTON concurring in the result.

For the reasons stated by the majority, I, too, believe the defendant is entitled to a new trial. However, I write this concurring opinion because prejudicial error was committed, in my opinion, when (a) the trial court admitted evidence that defendant made representations to other parties that he would assist them in obtaining housing and that these parties did not obtain houses; and (b) the trial court admitted evidence relating to civil judgments against the defendant.

I believe the evidence relating to defendant's prior similar dealings with other parties should have been excluded. Generally, the State cannot offer evidence tending to show that the accused has committed another distinct, independent, or separate offense even though the other offense is of the same nature as the crime charged. *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954);

*State v. Jeffries*, 117 N.C. 727, 23 S.E. 163 (1895). It is true that in certain cases evidence of prior offenses is competent to show knowledge or intent on the part of the defendant; however, the prior offenses must have been committed at or near the time of the offense charged. *See State v. Gammons*, 258 N.C. 522, 128 S.E. 2d 860 (1963), wherein our Supreme Court held, in a trial for assault with intent to commit rape, that evidence that the defendant had committed a similar offense two years earlier was inadmissible for any purpose. Some of the evidence admitted in this case dealt with defendant's representations to other parties occurring two or more years prior to the representations made in the case at bar. On the basis of the rule enunciated in *McClain* and *Gammons*, I believe the evidence to which the defendant excepted in this case was inadmissible.

The State also presented evidence of seven civil judgments docketed against the defendant in the total principal amount of $9,357.80. Significantly, two of the civil judgments were in favor of Elsie B. Wade and William Henry Smith, both of whom testified that they had dealt with the defendant previously with regard to defendant assisting them in obtaining housing, but that they had not obtained houses as a result of their prior dealings with the defendant. "It is generally held that a 'judgment in a civil action is not admissible in a subsequent criminal prosecution although exactly the same questions are in dispute in both cases, for the reason that the parties are not the same, and different rules as to the weight of the evidence prevail.'" *State v. Dula*, 204 N.C. 535, 536, 168 S.E. 836, 836-37 (1933). The admission of a civil judgment in this case, especially those in favor of Elsie Wade and William Smith, violated this rule and constitute prejudicial error in my view.

For the foregoing reasons, I believe evidence of similar prior dealings with other parties and the evidence relating to civil judgments against the defendant should not be admitted at the retrial.