STATE OF NORTH CAROLINA v. GARY GENE WILLIAMS

No. 8410SC447

(Filed 21 May 1985)

**Criminal Law § 92.4— joinder of multiple offenses—one defendant—improper**

The trial court erred by joining for trial thirteen counts of second-degree burglary, eleven counts of felonious larceny, one count of attempted safecracking, and two counts of conspiracy arising out of burglaries committed on one weekend in October 1982 and one weekend in January 1983. Defendant was prejudiced by the joinder of separate and distinct crimes, the prolonged time lapse between them, the lack of a transactional connection constituting a single scheme or plan, the sheer number of offenses charged and joined, the fact that not all of the victims of the burglaries testified at defendant's trial, and the fact that certain indictments were not properly identified in the verdicts and judgments and that some judgments were apparently entered on nonexistent indictments. G.S. 15A-926(a) (1983).

APPEAL by defendant from *Battle, Judge*. Judgments entered 8 December 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 18 January 1985.

*Attorney General Rufus Edmisten, by Special Deputy Attorney General Ann Reed, for the State.*

*John T. Hall, for defendant appellant.*

BECTON, Judge.

From judgments imposing sentences totalling fifty-six years in prison following his conviction of thirteen counts of second-degree burglary, eleven counts of felonious larceny, two counts of conspiracy, and one count of attempted safecracking, the defendant, Gary Gene Williams, appeals. At trial, defendant stipulated that each of the alleged second-degree burglaries and each of the alleged felonious larcenies had taken place, but denied involvement in any of the alleged crimes.

Defendant was convicted principally on the basis of the testimony of co-defendant, William Nobe, and the testimony of a cellblock mate, Donald Hill. Nobe and Hill stated that defendant and other men would come to Raleigh from Missouri, look for homes with expensive furnishings, and burglarize them. Although co-defendant William Nobe had come to Raleigh to burglarize homes

on at least ten separate occasions, the defendant, according to Nobe, made only two trips to Raleigh — once on a weekend in October 1982, and once on a weekend in January 1983.[1]

Six questions are presented on appeal, some of which involve challenges to the trial court's evidentiary rulings and challenges to the entry of judgments on some of the many charges. The dispositive issue on appeal, however, is this: "Did Gary Gene Williams receive a trial free from prejudicial error when he was tried upon charges which were unrelated to each other in terms of time or place and which were improperly joined or consolidated for trial upon motion of the State?" We believe that he did not.

I

The defendant was charged with committing several offenses on a weekend in October 1982; the other offenses allegedly occurred on a weekend in January 1983. And, although defendant was charged with conspiracy in 83CRS39401B and in 83CRS-39441B, each conspiracy charge states a single date — 30 January 1983 and 15 October 1982, respectively.

Prior to trial the State moved to join all offenses for trial pursuant to N.C. Gen. Stat. Sec. 15A-926(a) (1983) on the theory that the offenses charged were all part of a common scheme or plan. Alternatively, the State sought joinder of the offenses which occurred on the weekend in October for one trial, and joinder of the offenses which arose on the weekend in January for another trial. The trial court allowed the motion of the State to join for trial all offenses against defendant.

Consolidation of offenses for trial is controlled by G.S. Sec. 15A-926(a) (1983), which provides, in pertinent part, that offenses may be joined only when: "[T]he offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan." And although a motion to consolidate charges for trial is addressed to the sound discretion of the trial court, the determination of whether a group of of-

---

1. The *modus operandi* of Nobe and other members of the Medina Gang is detailed in a reported case involving another co-defendant, *State v. Thompson*, 73 N.C. App. 60, 325 S.E. 2d 646 (1985).

fenses are transactionally related so that they may be joined for trial is a question of law fully reviewable on appeal. *State v. Corbett*, 309 N.C. 382, 307 S.E. 2d 139 (1983); *State v. Silva*, 304 N.C. 122, 282 S.E. 2d 449 (1981). *See* North Carolina Criminal Cases Manual 125 (Wake Forest University School of Law 1984). So, for offenses to be joined, there must be a transactional connection common to all, and the trial court must determine that a defendant would not be prejudiced by hearing more than one charge at the same trial. *Corbett; Silva.*

Significantly, G.S. Sec. 15A-926(a), "which became effective in 1975, differs from its predecessor, in part by disallowing joinder on the basis that the acts were of the same class of crime or offense when there is no transactional connection among the offenses." *State v. Corbett*, 309 N.C. at 387, 307 S.E. 2d at 143.

> One circumstance in which offenses are transactionally related so that they may be joined for trial occurs when they arise out of a single overall conspiracy. *State v. Silva*, 304 N.C. at 127. Another is when a series of crimes are so closely related in time that they appear to be parts of a continuous crime spree. *State v. Avery*, 302 N.C. 517, 276 S.E. 2d 699 (1981) (series of crimes during a two day period of escape from prison); *State v. Clark*, 301 N.C. 176, 270 S.E. 2d 425 (1980) (offenses one after the other on the same afternoon); *State v. Greene*, 294 N.C. 418, 241 S.E. 2d 662 (1978) (two sexual assaults within three hours); *State v. Davis*, 289 N.C. 500, 223 S.E. 2d 296, *death penalty vacated*, 429 U.S. 809 (1976) (four offenses within two and a half hours).

> In the absence of a conspiracy charge that serves as an umbrella, offenses that are committed on separate dates cannot be joined for trial, even when they are of like character, unless the circumstances of each offense are so distinctly similar that they serve almost as a fingerprint.

*North Carolina Criminal Cases Manual* 125-6. *See also State v. Corbett; State v. Wilson*, 57 N.C. App. 444, 291 S.E. 2d 830, *disc. rev. denied*, 306 N.C. 563, 294 S.E. 2d 375 (1982). An example of a case in which the circumstances of each offense were so distinctively similar that they serve almost as fingerprints is *State v. Williams*, 308 N.C. 339, 302 S.E. 2d 441 (1983). In *Williams*, our

Supreme Court held that two transactions involving burglary and rape four weeks apart could be joined when:

> [o]n both occasions the crimes were committed against the same victim, in the same apartment at approximately the same time of night. The defendant gained entry to the apartment each time through an open window and committed a single act of intercourse with the victim. On both occasions the defendant effectuated his assault without the use of a weapon and he allowed the victim to take contraceptive measures on both occasions. In addition, the victim testified that the defendant told her he had watched her from outside the house on several nights between the two assaults.

308 N.C. at 344, 302 S.E. 2d at 445.

Nothing about *Williams* suggests a return to the old standard of permitting joinder of offenses which were simply of the same class of crimes. Likewise, *Williams* does not suggest, for example, that teenage residents of Durham County who, for every weekend during a six-month period, burglarize homes in Orange County using the same *modus operandi* for each burglary, could be tried on all offenses at one trial. Indeed, in *State v. Corbett*, 309 N.C. 382, 307 S.E. 2d 139 (1983), a case decided after *State v. Williams*, our Supreme Court held it was error to join three transactions involving kidnapping and rape or attempted rape even though in each of the cases the assailant forced his way into an automobile driven by a lone woman. Similarly, in *State v. Wilson*, this Court held it was error to join two counts of obtaining money by false pretenses, even though the fraudulent scheme employed in both cases was identical. Because the two transactions in *Wilson* were separated by almost three weeks, the Court noted that "[t]he offenses for which defendant was tried were separate and distinct, not part of 'a single scheme or plan.' We hold that the necessary transactional connection was not present in these cases and that joinder was improper as a matter of law." 57 N.C. App. at 449, 291 S.E. 2d at 833. We find *Wilson* controlling. The prejudice evidenced by the joinder in *Wilson* is equally apparent here—the separate and distinct crimes, the prolonged time lapse between them, and the lack of a transactional connection constituting a "single scheme or plan." Indeed, the State's single scheme or plan joinder argument is internally inconsistent

with its suggestion that defendant's convictions of two separate conspiracies — one in October and one in January — should stand.

Our joinder and severance statutes are based generally on the A.B.A. Standards Relating to Joinder and Severance (Approved Draft 1968). *See* G.S. Sec. 15A-926, Official Commentary. The A.B.A. Standards were designed, in part, to facilitate a move from a system in which decisions relating to joinder and severance were left to the largely unreviewable discretion of the trial judge, to a system of well-articulated standards so that similar cases would receive similar and rational treatment. *See* 2 Standards for Criminal Justice 13.4-.5 (2d ed. 1980). *See also North Carolina Criminal Cases Manual* 124.

We hold, as a matter of law, that G.S. Sec. 15A-926(a) does not permit joinder under the facts of this case, for the reasons stated in *State v. Wilson*. In addition, defendant was prejudiced by the joinder, considering (a) the sheer number of offenses charged and joined against this defendant; (b) the fact that not all of the victims of the burglaries testified at defendant's trial; and (c) the fact that the record reveals that certain indictments were not properly identified in the verdicts and judgments, and that some judgments were apparently entered on nonexistent indictments.[2]

Based on the above analysis, and considering the fact that there was in this case no conspiracy charge that served as an umbrella covering both the October offenses and the January offenses, we conclude that joinder of the offenses for trial in this case was error. Having so ruled, it is not necessary to address defendant's remaining assignments of error regarding the misidentification of indictments; subject matter jurisdiction; evidentiary rulings; and claims of ineffective assistance of counsel. These cases are remanded for

New trials.

Judges JOHNSON and MARTIN concur.

---

2. The State implicitly concedes that there was confusion evidenced by the misidentification of indictments by stating in its brief at p. 4, that "[t]he State agrees that defendant is entitled to have errors in the numbering of the judgment and commitment forms entered in this case."