STATE OF NORTH CAROLINA v. TONY NEAL

No. 8426SC1209

(Filed 3 September 1985)

**Criminal Law § 92— joinder of offenses—no error**
   The trial court did not err by joining charges of felonious larceny and felonious possession of stolen property arising from the theft of automobiles from the parking lot of the Charlotte YMCA on 11 February 1984 and 15 February 1984 where in each case the owner of the car left his keys in a locker and noticed their absence upon his return. Viewing the facts as of the time of the order of consolidation, the court properly could find them indicative of a single scheme or plan; moreover, there was no prejudice in that defendant did not show a reasonable possibility that the jury would have reached a different verdict if the possession charge had not been joined. G.S. 15A-1443(a), G.S. 15A-926(a).

APPEAL by defendant from *Griffin, Judge.* Judgment entered 23 July 1984 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 27 August 1985.

Defendant was charged with one count of felonious larceny in the theft of a 1982 Isuzu from the parking lot of the Charlotte YMCA on 15 February 1984. The owner had left his keys in a locker and upon returning had noticed that they were missing. Two YMCA employees observed defendant enter the Isuzu and drive it away.

Defendant was also charged with one count of felonious possession of stolen property. On 11 February 1984 a 1977 silver Volkswagen Dasher was stolen. This theft, like that of the 1982 Isuzu, was from the Charlotte YMCA parking lot. The owner of the Dasher, like the owner of the Isuzu, had left the keys in a locker and had noticed their absence upon his return. On 6 March 1984 an officer observed defendant driving a silver Dasher. The stolen Dasher was recovered later that day. No further evidence linked defendant to the stolen Dasher.

Pursuant to G.S. 15A-926(a) the court joined the charges for trial. Defendant was convicted of felonious larceny and acquitted of possession of stolen property. He appeals the joinder of the charges.

*Attorney General Thornburg, by Associate Attorney Augusta B. Turner, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Gordon Widenhouse, for defendant appellant.*

WHICHARD, Judge.

The issue is whether the court erred in joining the charges. We find no error.

G.S. 15A-926(a) provides for joinder of two or more offenses when they "are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan." It is not enough that a defendant is charged with acts of the same class of crime or offense; there must also be a transactional connection. *State v. Greene,* 294 N.C. 418, 421, 241 S.E. 2d 662, 664 (1978). In addition, the court must determine whether the accused can receive a fair hearing on more than one charge at the same trial. *State v. Silva,* 304 N.C. 122, 126, 282 S.E. 2d 449, 452 (1981). If joinder will impair

the ability to present a defense, the motion should be denied. *Greene* at 421, 241 S.E. 2d at 664.

The joinder motion is ordinarily addressed to the sound discretion of the court and, absent abuse of discretion, its ruling will not be disturbed. *State v. Bracey,* 303 N.C. 112, 117, 277 S.E. 2d 390, 394 (1981); *State v. Powell,* 297 N.C. 419, 428, 255 S.E. 2d 154, 160 (1979); *Greene* at 421-22, 241 S.E. 2d 662 at 664. Whether an abuse of discretion occurred must be determined as of the time of the order of consolidation; subsequent events are irrelevant on this issue. *Silva* at 127, 282 S.E. 2d at 452.

In *State v. Bracey,* 303 N.C. 112, 277 S.E. 2d 390 (1981), the defendant and an accomplice were charged with a series of robberies in a two block area over a ten-day period. All victims were proprietors of small businesses, and the robberies had a pattern of unarmed assault followed by flight on foot. The court allowed joinder, noting that there were common issues of fact. *Id.* at 117, 277 S.E. 2d at 394. The Supreme Court upheld the ruling, stating that "[t]he evidence in the three cases show[ed] a similar modus operandi and similar circumstance in victims, location, time and motive." *Id.* at 118, 277 S.E. 2d at 394.

We find such similarity in the charges joined here. They involved two vehicles taken from the same location under similar circumstances four days apart. Viewing these facts as of the time of the order of consolidation, *Silva* at 127, 282 S.E. 2d at 452, the court properly could find them indicative of a single scheme or plan to deprive members of the Charlotte YMCA of their property while they used the "Y" facilities. We thus find no abuse of discretion in the joinder.

Defendant cites *State v. Wilson,* 57 N.C. App. 444, 291 S.E. 2d 830, *disc. rev. denied,* 306 N.C. 563, 294 S.E. 2d 375 (1982), in arguing absence of the requisite transactional link. We find *Wilson* distinguishable. The defendant there faced two charges of obtaining money by false pretenses. The offenses occurred approximately three weeks apart. While the *modus operandi* was the same, there was no connection between the victims, the location, or the time. *Wilson* is thus a case of "offenses [that] were separate and distinct, not part of 'a single scheme or plan.' " *Id.* at 449, 291 S.E. 2d at 833. The facts here, by contrast, permit finding a single scheme or plan.

Assuming, *arguendo*, that the court erred in allowing joinder, defendant has failed to show prejudice. The evidence against him on the larceny charge was clear and substantial. He has not shown a reasonable possibility that the jury would have reached a different verdict if the possession charge had not been joined. G.S. 15A-1443(a).

No error.

Judges WELLS and PHILLIPS concur.