STATE OF NORTH CAROLINA v. CINEMA BLUE OF CHARLOTTE, INC., A NORTH CAROLINA CORPORATION, AKA CINEMA BLUE ADULT ENTERTAINMENT CENTER, AKA CINEMA BLUE OF CHARLOTTE, AKA CINEMA BLUE; JIM ST. JOHN; AND CURTIS RENE PETERSON

No. 8926SC765

(Filed 5 June 1990)

1. **Obscenity § 3 (NCI3d) — disseminating obscenity — exclusion of expert testimony**

    The trial court in an obscenity prosecution did not abuse its discretion in excluding expert testimony as to the proper community standard for obscenity in Mecklenburg County and the community acceptance of sexually explicit materials comparable to those allegedly disseminated by defendants.

    **Am Jur 2d, Lewdness, Indecency, and Obscenity § 34.**

2. **Obscenity § 3 (NCI3d) — conspiracy to disseminate obscenity — prior sales of sexually explicit materials**

    Testimony indicating that a store sold sexually explicit materials for several years prior to 1988 was admissible to show that the corporate and individual defendants were aware that the store was selling sexually explicit materials at the time of an alleged conspiracy to disseminate obscenity in 1988.

    **Am Jur 2d, Evidence § 323; Lewdness, Indecency, and Obscenity §§ 15, 38.**

STATE v. CINEMA BLUE OF CHARLOTTE

[98 N.C. App. 628 (1990)]

3. **Criminal Law § 79.1 (NCI3d)— guilty pleas of codefendants— admissibility to strengthen credibility**

Testimony by two codefendants concerning their guilty pleas to the obscenity charges for which defendants were being tried was admissible to strengthen their credibility as witnesses.

Am Jur 2d, Evidence §§ 323-326, 666, 667; Lewdness, Indecency, and Obscenity §§ 15, 38.

4. **Criminal Law § 79 (NCI3d)— obscenity case—past arrests and plea bargains of store employees—admissibility to show intent and plan**

Testimony by two former employees of defendant adult entertainment center concerning their past arrests and plea arrangements in obscenity cases was admissible to show intent and plan on the part of defendant to engage in a conspiracy to disseminate obscenity. N.C.G.S. § 8C-1, Rule 404(b).

Am Jur 2d, Evidence §§ 323-326, 666, 667; Lewdness, Indecency, and Obscenity §§ 15, 38.

5. **Criminal Law § 322 (NCI4th)— joinder of all defendants and charges for trial**

The trial court did not abuse its discretion in granting the State's motion to join all defendants and charges for trial in a prosecution for conspiracy to disseminate obscenity and dissemination of obscenity and in denying one defendant's motion for a severance where all three defendants were charged as members of a single conspiracy and the dissemination charges arose out of this conspiracy. N.C.G.S. § 15A-926(a).

Am Jur 2d, Conspiracy § 39.

6. **Criminal Law § 1133 (NCI4th)— conspiracy—accessory before the fact—inducement of others aggravating factor**

The trial court's finding as an aggravating factor for conspiracy to disseminate obscenity and dissemination of obscenity as an accessory before the fact that defendants induced others to participate in each offense was not improperly based on evidence necessary to prove an element of each offense in violation of N.C.G.S. § 15A-1340.4(a)(1).

Am Jur 2d, Criminal Law §§ 598, 599.

7. **Obscenity § 3 (NCI3d) — conspiracy to disseminate obscenity — accessory before the fact to dissemination of obscenity — sufficient evidence of scienter**

   The State presented sufficient evidence of scienter to support convictions of the individual defendants on charges of conspiracy to disseminate obscenity and dissemination of obscenity as accessories before the fact where the State's evidence tended to show that defendants were supervisors of an adult entertainment store and had visited the store on a number of occasions for business purposes, that the store sold only sexually explicit materials, and that many of those materials were in plain view of anyone who entered the store.

   **Am Jur 2d, Lewdness, Indecency, and Obscenity § 15.**

8. **Obscenity § 1 (NCI3d) — obscenity statute — constitutionality**

   The statute proscribing the dissemination of obscenity, N.C.G.S. § 14-190.1, is not unconstitutionally vague and overbroad.

   **Am Jur 2d, Lewdness, Indecency, and Obscenity §§ 3-8.**

APPEAL by defendants from *Gray (Marvin K.), Judge.* Judgments entered 24 February 1989 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 7 May 1990.

Defendants were charged in proper bills of indictment with multiple counts of dissemination of obscenity in violation of G.S. 14-190.1 and with common law conspiracy to disseminate obscenity. Each defendant was convicted by a jury on two counts of dissemination of obscenity and one count of common law conspiracy to disseminate. At the sentencing hearing, the trial court found factors in aggravation and mitigation with respect to each offense and concluded in each case that the aggravating factors outweighed the mitigating factors. From judgments imposing prison sentences totaling six years on each individual defendant and fining defendant Cinema Blue $150,000, defendants appealed.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Harold M. White, Jr., and Assistant Attorney General Thomas J. Ziko, for the State.*

*Lee J. Klein for defendants, appellants.*

STATE v. CINEMA BLUE OF CHARLOTTE

[98 N.C. App. 628 (1990)]

*Nelson Casstevens, Jr., for defendant, appellant Cinema Blue of Charlotte, Inc.*

*George Daly for defendant, appellant Jim St. John.*

*Calvin Murphy for defendant, appellant Curtis Rene Peterson.*

HEDRICK, Chief Judge.

[1] In their first two arguments on appeal, defendants contend the trial court erred in excluding expert testimony by Dr. Joseph Scott. Defendants sought to have Dr. Scott testify as to 1) the proper community standard for obscenity in Mecklenburg County and 2) the community acceptance of other sexually explicit materials "comparable" to those which defendants were convicted of disseminating. Defendants correctly point out that "appropriate expert testimony" may be offered "to explain to juries what they otherwise would not understand" in an obscenity case. *State v. Anderson*, 322 N.C. 22, 26-28, 366 S.E.2d 459, 463, *cert. denied*, --- U.S. ---, 109 S.Ct. 513 (1988). However, the trial court has wide discretion in determining whether to admit expert testimony in such cases. *Id.* We have reviewed the record on appeal and find no abuse of discretion by the trial judge in excluding this testimony. Defendants' argument has no merit.

[2] Defendants next argue that the trial court should have sustained their objection to "evidence of events at Cinema Blue in 1985." They claim that because the trial court decided to "dismiss charges [against defendants] for conduct that occurred in 1985," testimony by Captain Thomas Barnes of the Charlotte Police Department regarding observations and purchases he made in 1985 at Cinema Blue was more prejudicial than probative. Thus, according to defendants, such testimony should have been excluded under G.S. 8C-1, Rule 703. We disagree.

To support a charge of conspiracy to disseminate obscenity, the State is required to prove scienter on the part of the particular defendant. To satisfy this element of the offense, each defendant must have at least a general familiarity with the sexually explicit nature of the materials in question. *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887 (1974). Circumstantial evidence which suggests such familiarity is therefore admissible. In the instant case, testimony indicating that Cinema Blue had sold sexually explicit materials for several years prior to 1988 tends to show that

the corporate defendant and the individual defendants, both of whom began working for Cinema Blue before 1988, were aware that the store was selling sexually explicit materials at the time of the alleged conspiracy. Consequently, the trial court properly allowed Captain Barnes' testimony.

[3, 4] In defendants' fourth argument, based on assignment of error number nine, they complain that "[t]he trial court erred in admitting testimony of arrests, plea bargains and prior convictions of Cinema Blue's clerks." Defendants claim this testimony violated the rule which bars convictions and guilty pleas by a codefendant from being admitted as evidence of a defendant's guilt. *State v. Campbell*, 296 N.C. 394, 205 S.E.2d 228 (1979). Nevertheless, our Supreme Court has held that a guilty plea by a codefendant is admissible to show that the codefendant was not being treated too leniently in exchange for testifying against the defendant. *State v. Rothwell*, 308 N.C. 782, 303 S.E.2d 798 (1983). Furthermore, testimony concerning prior arrests, plea bargains, and convictions by employees of Cinema Blue is admissible under G.S. 8C-1, Rule 404(b) if it tends to show motive, opportunity, intent, preparation, plan, or knowledge on the part of a defendant. In the case at bar, testimony by Grady Burr and David Schoch, two codefendants, was properly admitted under the rule in *Rothwell* to strengthen their credibility. Testimony by Mr. Schoch and former employee Ernest Smith regarding their past arrests and plea arrangements was properly allowed because it tends to show the intent and plan on the part of defendant Cinema Blue to engage in a conspiracy to disseminate obscenity.

Defendants also contend the trial court erred "in allowing testimony of hearsay declarations of a codefendant." They argue that David Schoch was improperly allowed to repeat "incriminating statements about Defendant St. John purportedly made to him by Defendant Peterson." The essence of these alleged statements was that defendant St. John was Schoch's new boss. Nevertheless, we find no conceivable prejudice to defendants resulting from their admission. Mr. Schoch's testimony, even absent the statements in question, clearly portrays his relationship with St. John as one between employee and boss. Defendants' assignment of error is therefore overruled.

[5] Defendants next complain the trial court acted improperly by dismissing defendant St. John's motion to sever and by allowing

STATE v. CINEMA BLUE OF CHARLOTTE

[98 N.C. App. 628 (1990)]

the State to join all defendants and charges for one trial. Defendants point out that Mr. St. John was not alleged to have participated in a conspiracy to disseminate until after April 1987, and they argue that denial of his motion to sever, in view of evidence admitted at trial regarding events in 1985, prejudiced his defense.

G.S. 15A-926(a) allows consolidation of separate offenses for trial when the offenses charged are "based on the same act or transaction or on a series of transactions connected together or constituting parts of a single scheme or plan." Subsection (b) similarly permits joinder of separate defendants for trial when the several offenses charged are transactionally related. This requirement is satisfied when the offenses in question all arose out of a single conspiracy. *State v. Silva,* 304 N.C. 122, 282 S.E.2d 449 (1981).

In addition to the transactional requirement, the trial court must determine that none of the defendants would be deprived of a fair trial by being tried together or by facing more than one charge at the same trial. *State v. Williams,* 74 N.C. App. 695, 329 S.E.2d 705 (1985). However, when the offenses are transactionally related, the trial court's ruling on a motion for joinder or severance is discretionary and, absent a showing of abuse, will not be disturbed on appeal. *State v. Wilson,* 57 N.C. App. 444, 291 S.E.2d 830, *cert. denied,* 306 N.C. 563, 294 S.E.2d 375 (1982); *State v. Lake,* 305 N.C. 143, 286 S.E.2d 541 (1982).

In the present case, all three defendants were charged as members of a single conspiracy to disseminate obscenity. The remaining charges were all for disseminating obscenity in some capacity and clearly arose out of this conspiracy. Thus, the proper standard for review by this Court is abuse of discretion. We have reviewed the record and find no such abuse by the trial judge in granting the State's motion for joinder or in dismissing defendant St. John's motion to sever. Defendant's argument has no merit.

Defendants next contend the trial court erred in its instructions to the jury. They complain that the court should have given several instructions proposed by defendants which address the scope of First Amendment protection and elements of the standard for obscenity. We have examined the instructions given by the trial judge and find them to be sufficient. The instructions proposed by defendants but refused by the trial court were not necessary to a proper determination on the issue of obscenity. Consequently, this assignment of error is overruled.

[6] In assignment of error number seventeen, based on exceptions eleven through nineteen in the record, defendants claim the trial judge erred at sentencing by finding as a factor in aggravation that defendants "induced others to participate in the commission of" each offense of conspiracy to disseminate and dissemination as an accessory before the fact. Such findings, according to defendants, violated G.S. 15A-1340.4(a)(1) which provides that "[e]vidence necessary to prove an element of the offense [charged] may not be used to prove any factor in aggravation. . . ." We disagree.

While G.S. 15A-1340.4(a)(1) indeed prohibits basing an aggravating factor on circumstances essential to establishment of a defendant's guilt for a particular crime, our Supreme Court has indicated that many of the factors listed in the statute "contemplate a duplication in proof without violating [that] proscription. . . ." *State v. Thompson*, 309 N.C. 421, 307 S.E.2d 156 (1983). In the case of a criminal conspiracy, the State must show, by competent evidence, only that the defendant entered into an agreement with one or more other persons to do an unlawful act or to do a lawful act by unlawful means or in an unlawful manner. *State v. Massey*, 76 N.C. App. 660, 334 S.E.2d 71 (1985). Although essential evidence of the agreement may also suggest that the accused induced others to participate in the conspiracy, the fact that he did so is not required to establish his guilt as a conspirator. With respect to a conviction for being an accessory before the fact, the State must show that defendant either gave advice or counsel to the principal or did some act which aided the principal in the commission of the offense. Once again, however, it does not matter that certain evidence essential to establish the giving of aid or advice by defendant also tends to show he persuaded the principal to commit the offense in question. Such duplication in proof does not prohibit the trial judge from using the evidence to find a factor in aggravation. We therefore conclude that the trial judge did not err at sentencing.

[7] Defendants next argue that the trial court erred by denying their motions to dismiss because "[i]nsufficient evidence [was] presented to support conspiracy or accessory before the fact charges." They contend that the State failed to produce any evidence of "scienter" to support defendants' convictions.

In ruling on a motion to dismiss pursuant to G.S. 15A-1227, the trial court must consider the evidence presented in the light

STATE v. CINEMA BLUE OF CHARLOTTE

[98 N.C. App. 628 (1990)]

most favorable to the State, and the State must be given the benefit of every reasonable inference to be drawn therefrom. *State v. Hutchins*, 303 N.C. 321, 279 S.E.2d 788 (1981). If there is evidence, direct or circumstantial, from which a jury could reasonably find that defendant had committed the offense charged, the motion to dismiss must be denied. *State v. Simmons*, 57 N.C. App. 548, 291 S.E.2d 815 (1982). In the present case, the record tends to show that the Cinema Blue store sold only sexually explicit materials and that much of these materials were in plain view of anyone who entered the store. The record also indicates that the individual defendants were supervisors of the store and had visited the store on a number of occasions for business purposes. We believe that this evidence constituted sufficient proof of scienter to withstand a motion to dismiss. Defendants' argument has no merit.

[8] Finally, defendants assign as error the trial court's denial of several pretrial motions to dismiss the charges against them arguing that G.S. 14-190.1 is unconstitutionally overbroad and vague. Nevertheless, this Court has held G.S. 14-190.1 to be neither vague nor overbroad because of the specificity with which it defines which types of "sexual conduct" are considered obscene. *Cinema I Video, Inc. v. Thornburg*, 83 N.C. App. 544, 351 S.E.2d 305 (1986), *aff'd*, 320 N.C. 485, 358 S.E.2d 383 (1987). This argument has no merit.

Defendant had a fair trial free from prejudicial error.

No error.

Judges JOHNSON and EAGLES concur.