STATE v. TREADWELL

[99 N.C. App. 769 (1990)]

---

STATE OF NORTH CAROLINA v. SHERRIE LYNN TREADWELL (WILKINS)

No. 8926SC1196

(Filed 7 August 1990)

1. **Obscenity § 3 (NCI3d) — disseminating obscenity — community standard — exclusion of expert testimony**

   The trial court in an obscenity prosecution did not err in excluding expert testimony as to the proper community standard for obscenity in Mecklenburg County based on studies conducted in that county.

   **Am Jur 2d, Lewdness, Indecency, and Obscenity §§ 7, 34.**

2. **Obscenity § 3 (NCI3d)— disseminating obscenity—rental of comparable materials—evidence excluded**

The trial court in a prosecution for disseminating obscenity did not abuse its discretion in ruling that the danger of misleading the jury outweighed the probative value of evidence that "comparable materials" had been rented from the same store by more than one percent of the population of the county.

**Am Jur 2d, Lewdness, Indecency, and Obscenity §§ 7, 34.**

3. **Indictment and Warrant § 7 (NCI3d)— grand jury—elements of crime—instruction not required**

The trial court was not required to instruct the indicting grand jury on the elements of the crime in question. Art. I, § 22 of the N. C. Constitution.

**Am Jur 2d, Grand Jury § 19.**

APPEAL by defendant from judgment entered 13 June 1989 by *Judge Marvin K. Gray* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 5 June 1990.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Harold M. White, Jr., for the State.*

*James F. Wyatt, III for defendant appellant.*

PHILLIPS, Judge.

Defendant was convicted of two charges of disseminating obscenity in violation of G.S. 14-190.1. One of the convictions was arrested, and she was sentenced on the other one. Defendant's sole defense at trial consisted of opinion testimony by five purported expert witnesses which the court excluded. The testimony was based upon a number of studies conducted to ascertain Charlotte's contemporary community standards relating to explicit sexual material. Defendant contends that the trial court's rejection of that evidence, along with some comparable materials evidence, entitles her to a new trial and that the court's failure to instruct the grand jury on the elements of obscenity entitled her to a dismissal of the indictments. Neither contention has merit.

[1] As defendant stated in moving to consolidate her appeal with that of Cinema Blue of Charlotte, Inc., the expert opinion testimony that she offered is identical to that offered in that case in which

the store where defendant Treadwell worked, as well as some other store employees, was convicted of disseminating obscenity. In determining that appeal another panel of this Court affirmed the trial judge's exclusion of the expert opinion testimony. *State v. Cinema Blue of Charlotte, Inc.*, 98 N.C. App. 628, 392 S.E.2d 136 (1990). For the reasons stated therein we do likewise.

[2]  As to the comparable materials evidence exclusion, it is well established that "[e]vidence of mere availability of similar materials is not by itself sufficiently probative of community standards to be admissible in the absence of proof that the material enjoys a reasonable degree of community acceptance." *State v. Mayes*, 323 N.C. 159, 169, 371 S.E.2d 476, 482 (1988), *cert. denied*, 488 U.S. 1009, 102 L.Ed.2d 784 (1989); *see also Hamling v. United States*, 418 U.S. 87, 125-26, 41 L.Ed.2d 590, 625-26, *reh'g denied*, 419 U.S. 885, 42 L.Ed.2d 129 (1974); *State v. Anderson*, 322 N.C. 22, 32-33, 366 S.E.2d 459, 466, *cert. denied*, 488 U.S. 975, 102 L.Ed.2d 548 (1988). Here, defendant attempted to introduce testimony that "comparable materials" had been rented from the same store by barely more than one percent of the Mecklenburg County population and argued therefrom that the sexually explicit materials in issue enjoyed a reasonable degree of community acceptance and were not obscene. The court's ruling that the probative value of the evidence was outweighed by the danger of confusing the issues or misleading the jury does not appear to be either erroneous or an abuse of discretion.

[3]  The last issue that defendant presents is whether the court's failure to instruct the indicting grand jury on the elements of the crime in question violated Article I, Section 22 of our Constitution which provides that: "Except in misdemeanor cases initiated in the District Court Division, no person shall be put to answer any criminal charge but by indictment, presentment, or impeachment." So far as we have been able to ascertain, this issue is novel to our jurisprudence and no North Carolina statute requires such an instruction. *See* G.S. 15A-641 *et seq.* Though this utter absence of authority is admitted, defendant argues that "[t]he jurisprudential lacuna left open by the present status of North Carolina law must be filled with a requirement that instructions concerning the crime in question be given to the grand jury in order for Article 22 [sic] to faithfully fulfill its historical purpose." We decline to establish any such requirement, being of the opinion that it is beyond our province.

**STATE v. TREADWELL**

[99 N.C. App. 769 (1990)]

No error.

Judges JOHNSON and PARKER concur.